Glantz v. The City of South Bend.

· Filed May 15, 1886.

No. 12,526.

## GLANTZ v. THE CITY OF SOUTH BEND.

SPECIAL VERDICT.— *What Facts to be Found.—Leaving Issue Undetermined.— Venire De Novo.*—Under the statute, R. S. 1881, sections 545, 546, only the facts which are proved on the trial of a cause are to be found in the special verdict; and if the facts found leave some issues in the case undetermined, those issues must be regarded as not proved by the party having the burden of proof; and in such case the special verdict is not objectionable because it does not pass upon all the issues, and affords no sufficient cause for a *venire de novo*.

SAME.—*Evidence.*—In determining whether there was error in overruling a motion for a *venire de novo*, the Supreme Court can not look to the evidence.

CITY.—*Streets, Sidewalks and Crossings.—Liability for Failing to Keep in Safe Condition.—Negligence.*—It is the duty of an incorporated city to keep all its streets, sidewalks and crossings in a reasonably safe condition and free from unnecessary and dangerous obstructions, so as not to endanger the persons of those lawfully using the same, and it is liable for negligently suffering them to become and remain unsafe, to any one injured thereby.

SAME.—*Street Crossing.—Notice of Obstruction.*—A street crossing, consisting of plank raised from two to two and one-half inches in height above the level of a sidewalk, is a dangerous obstruction, and where the city negligently suffers such an obstruction to remain in one of its public sidewalks and street crossings, for an unnecessary period of time, it is liable to one who is injured while passing over the sidewalk and crossing, without notice or knowledge of the obstruction.

ELLIOTT, J., dissents.

From the St. Joseph Circuit Court.

VOL. 106.—20

106 305
129 339

106 305
134 579
135 451
136 321

106 305
138 126
138 653

106 305
140 678
141 381
142 229
143 428

106 305
151 59

106 305
160 518
160 520

*A. J. Egbert* and *T. E. Howard,* for appellant.
*J. Hagerty* and *L. Hubbard,* for appellee.

HOWK, J.—This was a suit by appellant, Mary Glantz, against appellee to recover damages for personal injuries received by her while travelling on Washington street within such city, and using all due care; which street appellee was bound to keep in repair, but had negligently suffered the same to be out of repair.

Appellee answered by a general denial of appellant's complaint. The issues joined were tried by a jury, and, at appellee's request, the jury returned into court their special verdict, on all the issues in the cause, as follows:

" We, the jury, find that, on April 5th, 1885, at 7 o'clock P. M., the plaintiff was walking on the north side of Washington street, in the city of South Bend, on the sidewalk. At the crossing of LaPorte avenue and Washington street were planks, five in number, one foot wide and two inches thick, laid flat and side by side, to cross LaPorte avenue. West of this cross-walk, was a cement walk for three hundred feet. From the cement walk, to pass upon the plank crossing of LaPorte avenue, was a rise of two inches on the north side, two and one-quarter inches in the center, and two and one-half inches on the south side of such cross-walk. As the plaintiff, Mary Glantz, was walking east, it being dark, she stumbled on the end of the plank cross-walk and fell. The plank were in good order, and firm in place. They were not levelled at the ends but cut square off. She was bruised by the fall on the forehead, nose and knees, and her back was sprained. She was confined to her bed by her injuries for four weeks. She was then discharged by her physician. She had then recovered in all respects, except that she still was weak in the back, from which she has not yet fully recovered. We find that she has incurred liability to her physician and nurse for $30; that she has suffered loss of time in the sum of $45, and that she suffered pain and in-

convenience to her injury in the further sum of $25. We find that this inequality of level, between the cement walk and plank cross-walk, has existed since the fall of 1884."

Appellant's motion for a *venire de novo* having been overruled, the court adjudged that she take nothing by her suit, and that appellee recover of her its costs. Her motion for a new trial having been overruled by the court, she has appealed from the judgment below to this court.

Errors are assigned here by appellant, which call in question the overruling (1) of her motion for a *venire de novo*, and (2) of her motion for a new trial.

1. It is earnestly insisted, on behalf of the appellant, that her motion for a *venire de novo* ought to have been granted. This claim is founded upon the theory that the special verdict of the jury is so ill or defective that no valid judgment can be rendered thereon in favor of either party. "A special verdict is that by which the jury find the facts only, leaving judgment thereon to the court." Section 545, R. S. 1881. In section 546, R. S. 1881, in relation to special verdicts, it is further provided as follows: " In all actions, the jury, unless otherwise directed by the court, may, in their discretion, render a general or special verdict; but the court shall, at the request of either party, direct them to give a special verdict in writing upon all or any of the issues." These provisions of the code of 1881 are substantially re-enactments of similar provisions of sections 335 and 336, of the civil code of 1852; so that it may be said they have constituted a part of our code of civil practice for nearly thirty-three years. Under these provisions of the civil code, it was formerly held by this court, as late at least as its November term, 1876, that a special verdict must be certain and responsive as to all the material issues of the cause, a positive finding either affirming or denying each material allegation of the pleadings therein; otherwise such verdict should be set aside and a *venire de novo* granted, on motion therefor.

*Bosseker* v. *Cramer*, 18 Ind. 44; *Jenkins* v. *Parkhill*, 25 Ind. 473; *Housworth* v. *Bloomhuff*, 54 Ind. 487.

In *Graham* v. *State, ex rel.*, 66 Ind. 386, the court at its May term, 1879, modified the doctrine of its prior decisions and held substantially that under the provisions, above quoted, of our civil code, only the facts which are proved upon the trial of a cause are to be found in the special verdict; and if the facts found leave some issues in the case undetermined, those issues must be regarded as not proved by the party having the burden of proof; and in such case, the special verdict is not objectionable because it does not pass upon all of the issues, and affords no sufficient cause for a *venire de novo*. The doctrine of the case last cited has since been approved and followed by this court in all similar cases. *Ex parte Walls*, 73 Ind. 95; *Stumph* v. *Bauer*, 76 Ind. 157; *Nitche* v. *Earle*, 88 Ind. 375; *Knox* v. *Trafalet*, 94 Ind. 346; *Travellers Ins. Co.* v. *Patten*, 98 Ind. 209; *Quick* v. *Brenner*, 101 Ind. 230.

Approving and following, as we think we must, the more recent rule of practice in relation to special verdicts, we must hold in the case under consideration, that the trial court did not err in overruling appellant's motion for a *venire de novo*. For here, the only material fact in issue, upon which the jury failed to find in their special verdict, was the fact alleged by appellant, and denied by appellee, that the former was " using all due care," at the time she received the personal injuries of which she complains. The burden was on her to establish this fact by a fair preponderance of the evidence, and as the special verdict is entirely silent as to this fact, in the absence of the evidence, we would be bound to conclude that she had failed to prove such fact. In determining whether or not it was error to overrule the motion for a *venire de novo*, we can not look to the evidence where it is in the record; but the question must be decided by and upon the verdict itself. Thus considering the special verdict in the case at bar, in the light of our decision last

above cited, we must hold that appellant's motion for a *venire de novo* was correctly overruled.

2. Did the trial court err in overruling the appellant's motion for a new trial? The evidence is properly in the record, and from this evidence it is certain, we think, that the failure of the jury to find that appellant, at the time she stumbled and fell, was then and there " using all due care," can be attributed only to the oversight or mistake of the draftsman of the special verdict, and not to any failure of proof. Appellee was an incorporated city, under the general laws of this State for the incorporation of cities, and as such had the exclusive control of all streets, sidewalks and crossings within its corporate limits. It was the duty of appellee to keep all its streets, sidewalks and crossings, in a reasonably safe condition and free from unnecessary and dangerous obstructions, so as not to endanger the persons of those lawfully using the same, and it was liable under the law for negligently suffering them to become and remain unsafe, to any one injured thereby. This is the law, as declared in our decisions. *Higert* v. *City of Greencastle,* 43 Ind. 574; *Grove* v. *City of Fort Wayne,* 45 Ind. 429 (15 Am. R. 262); *City of Logansport* v. *Dick,* 70 Ind. 65 (36 Am. R. 166); *City of Lafayette* v. *Larson,* 73 Ind. 367; *City of Delphi* v. *Lowery,* 74 Ind. 520 (39 Am. R. 98); *City of Huntington* v. *Breen,* 77 Ind. 29; *Murphy* v. *City of Indianapolis,* 83 Ind. 76; *City of Aurora* v. *Bitner,* 100 Ind. 396.

In the case in hand it was alleged, proved and found that appellee had negligently suffered a dangerous obstruction to be and remain in one of its public sidewalks and street crossings for an unnecessary and inexcusable period of time. The fact that this obstruction was only from two to two and one-half inches in height, above the level of the sidewalk, rendered it none the less dangerous to one who passed over the sidewalk and crossing, without notice or knowledge of such obstruction, especially in the night time. Appellant was an old resident of South Bend; but the uncontradicted evidence

showed that she had never walked over that sidewalk and crossing, and had no knowledge of the obstruction therein prior to the time she unwittingly stumbled over such obstruction, and received the injuries complained of. She had the right to walk over that sidewalk and crossing at the time she did, and was free from fault in so doing. From what we have said it clearly follows, as it seems to us, that the trial court erred in overruling appellant's motion for a new trial.

The judgment is reversed, with costs, and the cause is remanded for a new trial.

ELLIOTT, J., dissents.

Filed April 24, 1886.