No. 13,893.

## THE CITY OF MICHIGAN CITY v. BOECKLING.

CITY.—*Obstruction of Street.*—*Negligence.*—*Liability.*—Where a city author-izes a track to be laid in a plank-covered street for the use of a street-railway company, the iron rails projecting four inches above the planked surface, and permits it to remain in that condition to the injury of per-sons using the street for travel, it is liable for its own negligence in failing to exercise the ordinary care and skill required of a municipal corporation in making and keeping its streets in a reasonably safe con-dition for travel by persons employing ordinary care.

SAME.—*Permitting Obstruction of Street.*—*Negligence.*—*Question of Fact for Jury.*—Whether an obstruction or defect in a street is such as it is negligence on the part of the municipality to suffer to exist is generally a question of fact for the jury.

SAME.—*Contributory Negligence.*—The concurring fault of the driver of the vehicle in which the plaintiff is riding will not defeat his action.

From the La Porte Circuit Court.

*M. Nye* and *W. H. Bruce,* for appellant.

*L. A. Cole* and *J. F. Gallaher,* for appellee.

ELLIOTT, J.—Franklin is one of the principal streets of Michigan City. The common council of the city, by an or-dinance, authorized a track to be laid in that street for the use of a street railway company. The street was covered with planks, and the railway tracks were laid in the center of the roadway. On the first day of November, 1886, the appellee was riding along Franklin street, in a light wagon, drawn by two horses; he was not driving, nor was he taking any part in managing the team, but the team was driven and managed by a man named Oliver. The wheels of the wagon were, as the appellee says, in his testimony, " straddling the east rail of the track," and the wagon was going slowly. In turning out to give way for a wagon approaching from the opposite direction the wheel caught on the bottom of the rail, and the axle of the wagon was broken. When the axle broke

the horses began to kick, and to avoid injury from them the appellee leaped from the wagon and was injured. The rails of the track projected above the surface their full height, which was about four inches. The street had been in the condition described for six months prior to the time the accident occurred. There is no evidence proving, or tending to prove, that the rails were not such as are ordinarily used in constructing street railways; on the contrary, there is evidence showing that the rails were of the latest and most approved pattern.

The common council had authority to license the street railway company to use the street. It is now well settled that a street may, under proper authority, be used by a company engaged in transporting passengers in cars drawn by horses, and in licensing such a use of its streets a municipal corporation does no wrong and violates no duty. The use which the city licensed the company to make of the street was not dangerous in itself, and the city is, therefore, not liable for the negligence of its licensee. *City of Warsaw* v. *Dunlap*, 112 Ind. 576. Nor does the fact that the city in the ordinance granting the right to use the street required the company to lay and maintain its track in a specified manner make the city liable, although the company may not have conformed to the ordinance. A municipal corporation is not liable for a failure to enforce its ordinances. *Wheeler* v. *City of Plymouth*, 116 Ind. 158 (9 Am. St. Rep. 837); *Dooley* v. *Town of Sullivan*, 112 Ind. 451 (2 Am. St. Rep. 209); *McDade* v. *Chester City*, 117 Pa. St. 414 (2 Am. St. Rep. 681). The case of *Coast-Line, etc., Co.* v. *Savannah*, 30 Fed. Rep. 646, has no application to such a case as the present.

The basis of the action for an injury sustained because of a defect in a street is the negligence of the municipal corporation in failing to keep the street in a reasonably safe condition for travel. If there is no breach of this duty there is no right of action, and if there is no want of ordinary care there is no breach of duty. A municipal corporation does

not warrant the safety of its streets, for its legal obligation is to exercise ordinary care and skill in making and keeping its streets in a reasonably safe condition for travel by persons who exercise ordinary care.    The question here, therefore, is, does the evidence show that the city was guilty of negligence.

We regard the facts established by the evidence as sufficient to authorize the inference that there was want of ordinary care on the part of the municipality.    The fact that iron rails projected four inches above the planked surface of the street justifies the conclusion of the jury that the city had not discharged the duty imposed upon it by law.    Whether an obstruction or a defect in a street is such as it is negligence on the part of the municipality to suffer to exist, is generally, and in the main, a question of fact for the jury.    *Glantz* v. *City of South Bend,* 106 Ind. 305 ; *Goodfellow* v. *Major, etc.,* 100 N. Y. 15.    The case of *City of Indianapolis* v. *Cook,* 99 Ind. 10, is an example of the great length to which the courts have gone ; it may, indeed, be doubted whether that case does not go too far, for it was there held that a box extending one inch and a quarter above the level of the sidewalk was such an obstruction as rendered the city liable.    In *Glantz* v. *City of South Bend, supra,* the court held that an inequality of two inches between a cement pavement and a plank walk was sufficient to charge the city with negligence.    A difference is held to exist between cases where the inclination is gradual and those in which it is abrupt.    *Schroth* v. *City of Prescott,* 63 Wis. 652 ; *Cook* v. *City of Milwaukee,* 27 Wis. 191 ; *Hill* v. *City of Fond Du Lac,* 56 Wis. 242.    By some of the courts a view more favorable to municipal corporations than that held by our own court is taken, and it is sustained by strong reason.    *Village of Ponca* v. *Crawford,* 23 Neb. 662 (8 Am. St. Rep. 144, and note).    But under our own decisions, as well as under the rule generally accepted as the correct one, there can be no

doubt that the projection of the rails in the appellant's street was an illegal obstruction.

The unsafe condition of the street had so long existed that it was the duty of the city to know of its existence, and it was negligence not to obtain this knowledge.    On this point the authorities are well agreed.

There is no evidence tending to show that the appellee participated in the negligence of the person driving; there is, indeed, no evidence so conclusively establishing contributory negligence on the part of the driver as would warrant an appellate court in setting aside the verdict had he been the plaintiff instead of the man who was riding with him. But if there had been evidence of contributory fault on the driver's part, it would not bar a recovery, for the concurring fault of the driver of a vehicle in which a plaintiff is riding will not defeat his action.    *Town of Albion* v. *Hetrick,* 90 Ind. 545 ; *Pittsburgh, etc., R. R. Co.* v. *Spencer,* 98 Ind. 186 ; *Town of Knightstown* v. *Musgrove,* 116 Ind. 121.    The doctrine of *Thorogood* v. *Bryan,* 8 C. B. 115, is completely exploded both in England and America.

Judgment affirmed.

Filed Jan. 29, 1890.