ATTORNEY FOR APPELLANT
Jeffrey J. Stesiak
South Bend, Indiana

ATTORNEYS FOR APPELLEES
Nathaniel M. Jordan
Michael F. DeBoni
Sara J. MacLaughlin
Goshen, Indiana

# In the
# Indiana Supreme Court

No. 20S05-0703-CV-97

MARVIN J. HOCHSTETLER,

*Appellant (Plaintiff below),*

v.

ELKHART COUNTY HIGHWAY DEPARTMENT,
ELKHART COUNTY SHERIFF DEPARTMENT, AND
ELKHART COUNTY COMMISSIONERS

*Appellees (Defendants below).*

Appeal from the Elkhart Superior Court No. 2, No. 20D02-0209-CT-571
The Honorable Stephen E. Platt, Judge

On Petition To Transfer from the Indiana Court of Appeals, No. 20A05-0602-CV-98

**June 20, 2007**

**Shepard, Chief Justice.**

Riding his motorcycle sometime before 5 a.m. on the night of a substantial storm in Elkhart County, appellant Marvin Hochstetler struck a tree that had fallen down across a county road. The trial court granted judgment for various county entities on his negligence suit, concluding that the county was immune for losses resulting from temporary conditions of a public thoroughfare that result from weather. We affirm.

**Facts and Case History**

At around 1 a.m. on June 12, 2001, Elkhart County was hit by a strong storm that produced many fallen trees and limbs and necessitated deployment of various county highway crews to begin the clean up. The county started dispatching crews about 1:30 as calls began coming in to the highway garage. There were eventually fifty-six reports of fallen trees on county roads as a result of the storm. Among these reports, received about 2 a.m., was a call about a tree down on County Road Four, north of State Road 120. It turns out that County Road Four is some seven miles long, and State Road 120 does not intersect with it. Hochstetler contends this was a report about the tree he hit.

Hochstetler sued the highway department, the county commissioners, and the county sheriff, alleging that they were negligent and careless in maintaining the county road. The county defendants moved for summary judgment on the basis of immunity under the Indiana Tort Claims Act. The trial court granted them judgment. The Court of Appeals reversed. Hochstetler v. Elkhart County Highway Dep't, 855 N.E.2d 731 (Ind. Ct. App. 2006), vacated. We granted transfer.

**Common Law Duty and the Tort Claims Act**

Indiana law has held for some time that governmental bodies have a common law duty to exercise reasonable care and diligence to keep streets in a reasonably safe condition for travelers. Higert v. City of Greencastle, 43 Ind. 574 (1873). Case law about government liability for losses resulting from ice or snow, on the other hand, might fairly be characterized as less than a straight line. Compare Johnson v. City of Evansville, 95 Ind. App. 417, 180 N.E. 600 (1932) (generally no liability for accumulation of snow and ice), with City of Muncie v. Hey, 164 Ind. 570, 74 N.E. 250 (1905) (negligent failure to abate accumulation of ice creates liability).

In any event, more recent law established through the Indiana Tort Claims Act recognizes that state and local governments may have tort responsibility for damages flowing from

negligence, but grants immunity for that negligence under certain specified circumstances. Ind. Code Ann. ch. 34-13-3 (West 2007). Immunity under the act is a question of law to be determined by the court. Mangold v. Ind. Dep't of Natural Res., 756 N.E.2d 970 (Ind. 2001). The party seeking immunity bears the burden of establishing it. Id.

The provision at issue in this litigation creates immunity for losses resulting from "[t]he temporary condition of a public thoroughfare . . . that results from weather." Ind. Code Ann. § 34-13-3-3(3). We last explored the application of this section in Catt v. Bd. of Comm'rs of Knox County, 779 N.E.2d 1 (Ind. 2002). In that case, a driver was injured when he struck a water-filled ditch in the middle of the road during the early morning hours. A torrential rain overnight had washed out a culvert. Id. at 2. The trial court granted summary judgment for the county, but a divided Court of Appeals reversed.

We observed in Catt that immunity under this section contains two key concepts, one temporal and one causal. As for the latter, conditions caused "due to weather" distinguish themselves from those in which the road condition was the result of, say, poor inspection, design, or maintenance. The act does not bar suits based on this sort of claim. Id. at 4.

As for whether the condition was "temporary," we noted that the county had no notice of the wash-out until the driver's accident, that the county highway department was busy on the morning after the storm repairing other washed-out culverts of which it was aware, and had repaired this particular culvert when it had been washed out on previous occasions. We said these facts sufficed to carry the county's burden to show it was entitled to immunity. Id. at 6.

As we noted in Mangold and Catt, 779 N.E.2d at 3, immunity under the act is a matter of law for the court. In the present case, the storm had produced scores of trees and limbs down on the roads, county highway crews were on the job, and they were still at work hours after the storm had passed in the middle of the night. There might well be a case in which weather-related conditions remained untended for so long a period that it no longer qualified as "temporary." This is not that case. The trial court was right that these facts sufficed to demonstrate that the county was immune.

3

## Conclusion

We affirm the judgment of the trial court.

Sullivan, Boehm, and Rucker, JJ., concur.

Dickson, J., dissenting, believing that granting summary judgment to find immunity is improper because of genuine issues of fact as to whether the hazard was temporary and whether its efficient cause was weather or the government's failure to monitor and maintain its roads with reasonable care.