## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 30 2020, 8:25 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Edmond W. Foley
Douglas D. Small
Foley & Small
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Abigail R. Recker
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Annette Spicer,

*Appellant-Plaintiff,*

v.

State of Indiana,

*Appellee-Defendant*

April 30, 2020

Court of Appeals Case No.
19A-CT-2948

Appeal from the LaPorte Superior Court

The Honorable Jeffrey L. Thorne, Judge

Trial Court Cause No.
46D03-1802-CT-279

**Baker, Judge.**

Annette Spicer filed a negligence claim against the State after she was injured following a slip and fall in the parking lot of her place of employment, Westville Correctional Facility (Westville). The trial court entered summary judgment in favor of the State, finding as a matter of law that it was entitled to immunity under the Indiana Tort Claims Act (ITCA).[1] The State argues that even if the trial court erred by finding that it was entitled to immunity as a matter of law, summary judgment in its favor is still appropriate because Spicer was contributorily negligent. Finding that there are genuine issues of material fact rendering summary judgment inappropriate, we reverse and remand for further proceedings.

## Facts

At the time of Spicer's fall, she was employed as a kitchen supervisor at Westville. On March 15, 2017, it snowed approximately two inches in the area. There may have been some rain or other precipitation during the next couple of days. On March 17, 2017, Spicer was scheduled to start work at 4:00 a.m. Normally, it took her approximately fifteen minutes to drive from home to work, but that day, she gave herself extra time because it was slippery outside. When she left home, there was no snow on her car, and she did not have any difficulty getting into her car because she had salted her property. Spicer left

---

[1] Ind. Code ch. 34-13-3.

home around 2:30 a.m. and arrived at work around 3:20 a.m.; it was very cold outside and the roads were icy in some places.

[3] The Westville parking lot is dark and dimly lit. During the winter months, the parking lot is frequently slippery. It is unclear whether the parking lot had been salted in the hours leading up to Spicer's accident, but there is evidence in the record that the parking lot was slippery and icy in spots. Westville employees were aware that there were areas in the parking lot where water tends to pool.

[4] After Spicer pulled into the parking lot, she exited her vehicle with only her keys in her hand. She slipped on a patch of black ice behind her vehicle and fell, injuring herself; she heard a crack when she fell. She screamed and the people who responded found her on the ground, in pain. Westville staff helped Spicer into a wheelchair and transported her into the facility. A nurse called an ambulance and Spicer was transported to the hospital, to be treated for her injuries.

[5] On February 27, 2018, Spicer filed a complaint against the State, alleging that she had sustained injuries and damages that were proximately caused by the negligence of the agents and employees of Westville. On January 29, 2019, the State moved for summary judgment, arguing that it is immune under the ITCA and that Spicer was contributorily negligent and, therefore, barred from recovery as a matter of law.

[6] Following briefing and a hearing, the trial court granted the State's summary judgment motion on December 6, 2019. In pertinent part, it concluded that

Spicer's "alleged injuries are directly related to a temporary condition caused by the weather and that the time and circumstances under which Spicer sustained her alleged injuries either preceded or occurred very early within the period of reasonable response by the [State]." Appealed Order p. 3 (emphasis in original omitted). The trial court did not rule on the State's argument regarding contributory negligence. Spicer now appeals.

## Discussion and Decision

Spicer argues that the trial court erred by granting summary judgment in favor of the State because there are issues of fact that must be evaluated by a factfinder. Our standard of review on summary judgment is well settled:

> The party moving for summary judgment has the burden of making a prima facie showing that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Reed v. Reid*, 980 N.E.2d 277, 285 (Ind. 2012). Once these two requirements are met by the moving party, the burden then shifts to the non-moving party to show the existence of a genuine issue by setting forth specifically designated facts. *Id.* Any doubt as to any facts or inferences to be drawn therefrom must be resolved in favor of the non-moving party. *Id.* Summary judgment should be granted only if the evidence sanctioned by Indiana Trial Rule 56(C) shows there is no genuine issue of material fact and that the moving party deserves judgment as a matter of law. *Freidline v. Shelby Ins. Co.*, 774 N.E.2d 37, 39 (Ind. 2002).

*Goodwin v. Yeakle's Sports Bar & Grill, Inc.*, 62 N.E.3d 384, 386 (Ind. 2016). Our Supreme Court has cautioned that "[a]s long as competent evidence has been designated in response to a summary judgment motion, . . . 'weighing [the

evidence]—no matter how decisively the scales may seem to tip—[is] a matter for trial, not summary judgment.'" *Stafford v. Szymanowski*, 31 N.E.3d 959, 963 (Ind. 2015) (quoting *Hughley v. State*, 15 N.E.3d 1000, 1005-06 (Ind. 2014)).

# I. ITCA

[8]     Indiana Code section 34-13-3-3(3) provides that "[a] governmental entity or an employee acting within the scope of the employee's employment is not liable if a loss results from . . . [t]he *temporary* condition of a public thoroughfare . . . that results from weather." (Emphasis added.)  This provision, like all provisions in the ITCA, is in derogation of the common law and is strictly construed against the grant of immunity.  *Mullin v. Mun. City of South Bend*, 639 N.E.2d 278, 281 (Ind. 1994).  The party seeking immunity has the burden of establishing that its conduct falls within the provisions of the Act.  *Id.* "Whether a particular governmental act is immune is a question of law for the court to decide, although the question may require extensive factual development."  *Barns v. Antich*, 700 N.E.2d 262, 265 (Ind. Ct. App. 1998); *see also Gary Cmty. Sch. Corp. v. Roach-Walker*, 917 N.E.2d 1224, 1228 (Ind. 2009) (holding that the trial court properly refused a governmental entity's proposed jury instruction on immunity under the ITCA "[b]ecause immunity is a matter of law for the court to decide").

[9]     It is undisputed that Westville is a governmental entity and that the Westville parking lot is a public thoroughfare.  It is likewise undisputed that Spicer's accident was at least partially related to the weather.  What must be

determined, for summary judgment purposes, is whether it can be concluded as a matter of law that the weather-related condition was "temporary," or, instead, was a condition that Westville had had the time and opportunity to ameliorate.

[10] We find *Roach-Walker* instructive. In that case, the plaintiff took her children to a middle school to attend enrichment classes. The record as to weather conditions was inconclusive, with no evidence establishing when the most recent rain, snow, or sleet had occurred. As the plaintiff approached the entrance to the school, she slipped and fell. A witness later described the area where the plaintiff had slipped as "slick" and "wet looking" after the fall. *Id.* at 1225. A jury ultimately found in favor of the plaintiff, and the school corporation appealed. Our Supreme Court noted that "whether a condition was 'temporary' ultimately hinge[s] on whether the governmental entity had a reasonable opportunity to remedy conditions initially caused by weather." *Id.* at 1228. In other words,

> the government may be liable for negligence in maintaining roads, but when the government is in the process of responding to a weather condition, as a matter of law the immunity conferred in subsection (3) for 'temporary conditions caused by weather' extends to all claims caused by that condition during the period of reasonable response, whether the alleged injury occurred early or late in that period.

*Id.* Our Supreme Court found that "[t]he record reasonably support[ed] both [the school's] and [the plaintiff's] explanation of the facts." *Id.* As such, the school corporation failed to carry its burden. *See also Bules v. Marshall Cty.*, 920

N.E.2d 247, 250 (Ind. 2010) (holding that "[i]f the evidence permits conflicting reasonable inferences as to material facts, the government unit has failed to establish its immunity"). Therefore, in *Roach-Walker*, "[e]ven if attributable to weather, because [the school] has not established that it had no opportunity to cure the condition, [the school] has not established that the condition was 'temporary.' Accordingly, [the school] failed to establish immunity under the ITCA." *Id.* at 1229.

[11] Under *Roach-Walker*, two things are clear. First, the ITCA is strictly construed against the governmental entity, which bears the heavy burden of establishing its entitlement to immunity. Second, concomitantly, a record that reasonably supports both the governmental entity's and the plaintiff's version of the facts must be resolved in favor of the plaintiff and against immunity.

[12] Here, the record contains the following evidence regarding the weather in the days leading up to Spicer's accident:

- It snowed approximately two inches in the area on March 15, 2017.
- It did not snow the night before the accident. It may have rained the night before the accident.[2]
- Spicer gave herself extra time to drive to Westville on March 17 because she was aware it was slippery outside. Her drive to work, which

---

[2] Spicer designated as evidence meteorological reports from the Porter County Regional Airport. The State argues that this evidence does not conclusively establish what conditions were like at Westville, which is approximately ten miles from the airport. As the movant and the party seeking immunity, it was the State that bore the burden of designating other, more specific meteorological evidence regarding conditions at Westville. Because the State did not do so, the only official evidence in the record regarding meteorological conditions (aside from the lay testimony of Westville employees regarding their recollection of the weather at the time) is that designated by Spicer.

normally takes fifteen minutes, took nearly an hour because of road conditions.

- Spicer had no problems getting into her vehicle at home because she had salted her property well.
- When Spicer got into her vehicle at home, it did not have any snow on it.
- There was still snow in the Westville parking lot when Spicer pulled in; therefore, she proceeded carefully.
- At the time of Spicer's accident, it was neither raining nor snowing.
- Westville employees did not know whether the parking lot had been salted in the hours leading up to the accident. They salted the parking lot after the accident, however.
- Westville employees did not know whether anyone at the facility inspects the parking lot to make sure that snow and ice haven't built up or whether surfaces are salted at regular intervals. More than one employee indicated that they were aware that the lot was poorly lit and that there were areas in the lot where water, ice, and snow frequently accumulated.
- When the parking lot is salted, it is not salted in between parked vehicles.

[13] We must determine whether the evidence conclusively establishes that Westville was "in the process of responding to a weather condition" when Spicer's accident occurred. *Roach-Walker*, 917 N.E.2d at 1228. We find that the evidence does not reach that threshold. It is undisputed that two days had passed since the last major snow event. And even if we were to assume that there had been some precipitation overnight (which is not without dispute in the record), causing freezing on the roadways, Westville offered no evidence that it had not had a reasonable opportunity to ameliorate the conditions in its parking lot. Indeed, there is no evidence in the record that any Westville employees had salted, or attempted to salt, the parking lot in the hours leading up to Spicer's accident, even though employees were aware that the lot was poorly lit and vulnerable to accumulating precipitation. Likewise, there is no

evidence that any effort to salt would have been pointless or unreasonable. Therefore, we can only find that Westville has not met its burden on summary judgment to show that it is entitled to immunity.

[14] We acknowledge the caselaw cited above, specifically *Roach-Walker*, which says that immunity is a determination that must be made as a matter of law. And the *Roach-Walker* Court held that if the evidence can support either party's position, then the government has failed and is not entitled to immunity. But *Roach-Walker* was decided following a jury trial. Here, in contrast, the case is only at the summary judgment stage. Because there are questions of fact regarding weather conditions leading up to the time of Spicer's accident (as well as possible other causes, including poor lighting and pavement conditions), the State has not met its burden as a summary judgment movant. It will have another opportunity to make its case, however, as part of a trial with a fully developed factual record. The trial court may, yet again, be called upon to determine whether the State is immune under the ITCA, but that will have to occur following a full presentation of evidence at trial. Therefore, we reverse the trial court's grant of summary judgment on the basis of immunity and remand for further proceedings.

## II. Contributory Negligence

[15] The State also argues that summary judgment should be entered in its favor because of Spicer's alleged contributory negligence. Tort claims filed against governmental entities are governed by Indiana's common law contributory

negligence doctrine, meaning that "a plaintiff is barred from recovery when he or she is negligent and this negligence is even slightly the cause of the alleged damages." *Murray v. Indianapolis Pub. Schs.*, 128 N.E.3d 450, 452-53 (Ind. 2019).

[16] Contributory negligence results when a person fails to exercise "that degree of care and caution which an ordinary, reasonable, and prudent person in a similar situation would exercise." *Id.* at 453 (internal quotation marks omitted). Contributory negligence is generally a question of fact to be answered by a jury, but it may be appropriately decided on summary judgment if the facts are undisputed and only a single inference may be drawn therefrom. *Id.*

[17] The State argues that Spicer knew that it was icy outside when she was on her way into work. Indeed, she gave herself extra time to get to work because of the poor road conditions. According to the State, "[a] reasonable person would have been aware that because of the icy road conditions, the parking lot would have also been slippery and taken extra precautions to ensure that they were able to get into the facility without injury." Appellee's Br. p. 20.

[18] Spicer attested that when she exited her vehicle, she was being very cautious. There is no evidence that she was heavily laden with items—instead, she only had her keys in her hands—nor is there evidence that she was moving quickly or recklessly or that she was distracted. Instead, Spicer attested that as she moved around the back end of her vehicle, she slipped on a patch of black ice

that she could not see because of the poor lighting conditions in that area of the parking lot. Spicer did not believe that she contributed to the fall.

[19] Spicer's testimony is sufficient to create an issue of fact as to whether she acted with reasonable care when she exited her vehicle and walked around it. In other words, based on this record, we cannot resolve the issue of contributory negligence as a matter of law and the State is not entitled to summary judgment on this basis.

[20] The judgment of the trial court is reversed and remanded for further proceedings.

Bradford, C.J., and Pyle, J., concur.