

FILED

Oct 31 2023, 10:20 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Theodore E. Rokita
Indiana Attorney General

Natalie F. Weiss
Deputy Attorney General
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Stephen W. Cook
S. Matthew Cook
Cook & Cook
Noblesville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

State of Indiana,
*Appellant-Defendant,*

and

City of Fishers,
*Defendant,*

v.

Jennifer Diane Lucas, by Diane
Zeiss Nevitt, Guardian,

*Appellee-Plaintiff*

October 31, 2023

Court of Appeals Case No.
22A-CT-1693

Interlocutory Appeal from the
Hamilton Superior Court

The Honorable Michael A. Casati,
Judge

Trial Court Cause No.
29D01-1703-CT-2257

**Opinion by Judge Crone**
Chief Judge Altice and Judge Tavitas concur.

**Crone, Judge.**

## Case Summary

Jennifer Diane Lucas was seriously injured in a motor vehicle accident on Interstate 69 (I-69) in Fishers. Lucas, by guardian Diane Zeiss Nevitt, filed a complaint against several other motorists, the City of Fishers, and the State of Indiana, alleging in pertinent part that her injuries resulted from the State's negligent redesign of I-69 at the accident site. The State filed a motion for summary judgment, asserting that it is entitled to immunity under the Indiana Tort Claims Act (ITCA) because its redesign of I-69 was a discretionary function. The trial court denied the State's motion, finding that the ITCA's discretionary function immunity provision does not apply to Lucas's negligent redesign claim. On appeal, the State argues that this ruling is erroneous. We disagree and therefore affirm the trial court.

## Facts and Procedural History[1]

Around 5:30 a.m. on July 17, 2015, Lucas was driving southbound on I-69 near mile marker 203 in Fishers. The State had redesigned that stretch of highway in 2012 to reduce congestion. During the redesign process, a fourth lane was added, and an exception was granted to allow for a five-foot-wide left shoulder,

---

[1] We heard oral argument at Notre Dame Law School on October 5, 2023, as part of our Appeals on Wheels program. We thank the school's administration, faculty, and staff for their support and hospitality, counsel for their capable advocacy, and the students for their enthusiastic participation in the post-argument question-and-answer session.

instead of the prescribed minimum of ten feet. The left shoulder was separated from northbound I-69 by a concrete barrier.

[3] Lucas was in the next-to-leftmost lane. Ahead of Lucas, Nader Botros's vehicle collided with Rebecca Swinford's vehicle. Botros's vehicle came to rest on the left shoulder against the concrete barrier. Due to the shoulder's narrowness, Botros's vehicle was partially in the leftmost travel lane. Swinford's vehicle stopped briefly on the right shoulder and left the scene. Lucas slowed down, activated her emergency flashers, and stopped behind Botros's vehicle "in the left shoulder as far to the left as [she] could and still open the driver's side car door." Appendix Vol. 3 at 35. Lucas exited her vehicle, determined that Botros was injured, and reentered her vehicle to call 911. Shortly thereafter, Lucas's vehicle was rear-ended by a vehicle driven by Ashley Culp, who had been distracted by her child crying in the back seat. The collision severed Lucas's spinal cord, rendering her quadriplegic.

[4] Lucas filed a notice of tort claim with the State and filed a negligence complaint against Culp, Botros, Swinford and her husband, the State, and the City of Fishers.[2] Lucas's amended complaint alleges that the State's negligence "includes, but is not [necessarily] limited to, the negligent design and/or construction of I-69, an urban freeway, at the location" where she was injured. Appellant's App. Vol. 2 at 30. In a response to one of the State's interrogatories,

---

[2] The State and the City of Fishers are currently the only remaining defendants.

Lucas asserted that "[n]egligence includes failure to provide a left hand shoulder suitable for stopped vehicles and occupants to be out of traffic lane." *Id*. at 59.

The State moved for summary judgment, asserting that it is entitled to immunity for the performance of a discretionary function under Indiana Code Section 34-13-3-3(7)[3] of the ITCA. Lucas filed a response to the State's motion. In May 2022, after a hearing, the trial court issued an order denying the State's summary judgment motion. The court rejected the State's argument that it is entitled to discretionary function immunity, finding that "the State's redesign and construction of the relevant portion of I-69 are not subject to immunity under the discretionary function section of Indiana Code 34-13-3-3(7)." Appealed Order at 3. The court further observed,

> The ITCA does contain an exception providing immunity for highway design, but only if the design occurred at least twenty (20) years prior to the injury. Ind. Code 34-13-3-3(18). That section specifically states that it does not relieve the government of a "continuing duty to provide and maintain public highways in a reasonably safe condition." Here the State's evidence shows a substantial redesign occurred in 2012.

---

[3] In April 2021, Indiana Code Section 34-13-3-3 was amended to include a subsection (a), which encompasses the provisions at issue here, and a subsection (b), which addresses COVID-19-related claims. As do the parties, we refer to the version of the statute in effect when Lucas was injured.

*Id*. at 2-3. The court also found "that questions of fact exist as to whether I-69 was a reasonably safe highway at the time of the accident." *Id*. at 4. The State now brings this interlocutory appeal.

## Discussion and Decision

[6] The State contends that the trial court erred in denying its summary judgment motion. Our standard of review is well settled:

> We review a summary judgment ruling de novo, applying the same standard as the trial court. The moving party bears the initial burden of making a prima facie showing that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. Summary judgment is improper if the moving party fails to carry its burden, but if it succeeds, then the nonmoving party must come forward with evidence establishing the existence of a genuine issue of material fact. We construe all factual inferences in favor of the nonmoving party and resolve all doubts as to the existence of a material issue against the moving party. Our review is limited to those facts designated to the trial court. Issues of statutory construction present questions of law, which we review de novo. We are not bound by the trial court's findings of fact and conclusions thereon, which merely aid our review by providing us with a statement of reasons for the trial court's actions.

*Ind. Univ. v. Thomas*, 167 N.E.3d 724, 731 (Ind. Ct. App. 2021) (alterations, citations, and quotation marks omitted). "A trial court's summary judgment ruling is clothed with a presumption of validity, and the losing party has the burden of establishing that the trial court erred." *Thomson Inc. v. Ins. Co. of N. Am.*, 11 N.E.3d 982, 994 (Ind. Ct. App. 2014), *trans. denied* (2015). "We will

affirm the trial court's summary judgment ruling on any basis supported by the designated evidence." *Cruz v. New Centaur, LLC*, 150 N.E.3d 1051, 1055 (Ind. Ct. App. 2020).

[7] Governmental immunity from suit is governed by the ITCA. *Bartholomew Cnty. v. Johnson*, 995 N.E.2d 666, 671 (Ind. Ct. App. 2013). "Governmental entities and their employees are subject to liability for torts committed by them unless they can prove that one of the immunity provisions of the ITCA applies." *Id.* at 672 (quoting *E. Chicago Police Dep't v. Bynum*, 826 N.E.2d 22, 26 (Ind. Ct. App. 2005), *trans. denied* (2006)). The underlying purposes of immunity are "to protect the public treasury from excessive lawsuits and to ensure that public employees can exercise discretion in carrying out their official duties without fear of litigation." *Ladra v. State*, 177 N.E.3d 412, 424 (Ind. 2021).

> Immunity assumes negligence but denies liability. Thus, the issues of duty, breach and causation are not before the court in deciding whether the government entity is immune. If the court finds the government is not immune, the case may yet be decided on the basis of failure of any element of negligence. This should not be confused with the threshold determination of immunity.

*Johnson*, 995 N.E.2d at 672 (quoting *Peavler v. Bd. of Comm'rs of Monroe Cnty.*, 528 N.E.2d 40, 46-47 (Ind. 1988)).[4]

[8] "Whether the ITCA imparts immunity to a governmental entity is a question of law for the court to decide." *Schon v. Frantz*, 156 N.E.3d 692, 699 (Ind. Ct. App. 2020) (quoting *Lee v. Bartholomew Consol. Sch. Corp.*, 75 N.E.3d 518, 525 (Ind. Ct. App. 2017)). "The question may require an extended factual development, but the essential inquiry is whether the challenged act is the type of function which the legislature intended to protect with immunity." *City of Indpls. v. Duffitt*, 929 N.E.2d 231, 236 (Ind. Ct. App. 2010). "The party seeking immunity bears the burden of proving that its conduct falls within the provisions of the ITCA." *Schon*, 156 N.E.3d at 699. Because the ITCA is in derogation of the common law, it must be strictly construed against limitations on a claimant's right to bring suit. *Schoettmer v. Wright*, 992 N.E.2d 702, 706 (Ind. 2013).[5] Indeed, our supreme court has emphasized that, "[a]t common law and by

---

[4] On a related note, "[t]he Comparative Fault Act does not apply to governmental entities." *Murray v. Indpls. Pub. Schs.*, 128 N.E.3d 450, 452 (Ind. 2019) (citing Ind. Code § 34-51-2-2). Thus, any contributory negligence on a plaintiff's part, no matter how slight, will bar the plaintiff's claim against a governmental entity. *St. John Town Bd. v. Lambert*, 725 N.E.2d 507, 516 (Ind. Ct. App. 2000). The State asserted contributory negligence as an affirmative defense in its answer to Lucas's complaint. Appellant's App. Vol. 2 at 32.

[5] *See Gary Cmty. Sch. Corp. v. Roach-Walker*, 917 N.E.2d 1224, 1226-27 (Ind. 2009) ("Like many other jurisdictions, Indiana abolished common law sovereign immunity for all government activities in a series of judicial decisions in the 1960s and early 1970s. As a result of these decisions, most activities of government entities were exposed to liability under traditional tort theories. In response, the Indiana General Assembly passed the ITCA. This statute granted absolute immunity to governmental entities in a number of specific circumstances, and codified rules of liability for other areas of governmental activity.") (citing, inter alia, *Campbell v. State*, 259 Ind. 55, 63, 284 N.E.2d 733, 737-38 (1972) (abrogating immunity for state)).

statute, government *liability* for tortious conduct is the rule while immunity is the exception." *Ladra*, 177 N.E.3d at 416 (bold emphasis omitted).

[9] Indiana Code Section 34-13-3-3 reads in pertinent part as follows:

> A governmental entity or an employee acting within the scope of the employee's employment is not liable if a loss results from the following:
>
> …
>
> (7) The performance of a discretionary function ….
>
> …
>
> (18) Design of a highway (as defined in IC 9-13-2-73), toll road project (as defined in IC 8-15-2-4(4)), tollway (as defined in IC 8-15-3-7), or project (as defined in IC 8-15.7-2-14) if the claimed loss occurs at least twenty (20) years after the public highway, toll road project, tollway, or project was designed or substantially redesigned; except that this subdivision shall not be construed to relieve a responsible governmental entity from the continuing duty to provide and maintain public highways in a reasonably safe condition.

[10] Regarding subdivision (7), on which the State relies, courts apply the "planning-operational" test to determine whether a governmental entity has engaged in a discretionary function that is immune from liability under the ITCA. *Voit v. Allen Cnty.*, 634 N.E.2d 767, 769 (Ind. Ct. App. 1994) (citing, inter alia, *Peavler*, 528 N.E.2d at 46).

> Under this test, if the decision of the governmental entity was a "planning" activity, that is a function involving the formulation

of basic policy characterized by official judgment, discretion, weighing of alternatives, and public policy choices, then the decision is discretionary and immune under [Indiana Code Section 34-13-3-3(7)]. *Peavler*, 528 N.E.2d at 45. Government decisions about policy formation which involve assessment of competing priorities, a weighing of budgetary considerations, or the allocation of scarce resources are also planning activities. *Id.* On the other hand, if the function is "operational," for example decisions regarding only the execution or implementation of already formulated policy, the function is not discretionary under the statute and no immunity attaches.

*Id.* at 769-70. "The governmental entity seeking to establish immunity bears the burden of proving that the challenged act or omission was a policy decision made by consciously balancing risks and benefits." *Duffitt*, 929 N.E.2d at 236.

[11] In its brief, the State details the various policy considerations and administrative procedures that resulted in the approval of a five-foot-wide left shoulder for the redesigned portion of southbound I-69. It then argues that discretionary function "immunity applies here because the undisputed evidence establishes that the State consciously engaged in decision making regarding the shoulder width on I-69 and the decision to apply [for], and ultimately approve, an exception request." Appellant's Br. at 14.

[12] For her part, Lucas contends that Indiana Code Section 34-13-3-3(18) controls in this situation because it is more specific than subdivision (7). We agree. *See ESPN, Inc. v. Univ. of Notre Dame Police Dep't*, 62 N.E.3d 1192, 1199 (Ind. 2016) ("specific statutory provisions take priority over general statutory provisions")

(quoting *Wright v. State*, 949 N.E.2d 411, 415 (Ind. Ct. App. 2011)).[6] Governmental discretionary functions are performed in numerous different contexts, including the (re)designing of a highway. To allow subdivision (7), which grants immunity for the performance of discretionary functions in general, to take priority over the more specific subdivision (18), which denies immunity for a loss that occurs within twenty years of a negligent highway design or substantial redesign, would render the latter provision meaningless, and "[i]t is well settled that we must presume the Legislature did not enact a useless provision." *Holcomb v. Bray*, 187 N.E.3d 1268, 1289 (Ind. 2022).[7] Moreover, as mentioned above, the ITCA must be strictly construed against limitations on a claimant's right to bring suit. *Schoettmer*, 992 N.E.2d at 706.

[13] The State does not contend that Lucas's loss did not result from its 2012 redesign of southbound I-69, nor does it challenge the trial court's determination that the redesign was "substantial" for purposes of Indiana Code

---

[6] The *ESPN* court explained that "[t]he general/specific canon is [a] doctrine of statutory construction known by the Latin term, *generalia specialibus non derogant. Black's Law Dictionary* 799 (10th ed. 2014). It holds that 'if there is a conflict in a legal instrument between a general provision and a specific provision, the specific provision prevails.' *Id*." 62 N.E.3d at 1199 n.8.

[7] For this reason, we respectfully disagree with the *Voit* court's determination that subdivision (7) takes priority over subdivision (18) with respect to a claim for failing to maintain a highway in a reasonably safe condition. *See* 634 N.E.2d at 769 ("Plaintiffs essentially seek, in this lawsuit, to hold defendants liable for a failure to make what they allege to be needed improvements to Adams Center Road. To the extent that plaintiffs seek improvements to the current design and do not allege defects in the original 1962 design, we agree that [subdivision (18)] is not applicable and will not serve as a basis for granting immunity in this case. Allegations of a failure to update, improve, or modernize the roadway and culvert in question, however, directly implicate [subdivision (7)], governmental discretionary functions.") (footnote omitted).

Section 34-13-3-3(18).[8] Consequently, the State is not entitled to immunity under subdivision (18), nor is it entitled to immunity under subdivision (7) for the reasons given above. We therefore affirm the trial court's denial of the State's summary judgment motion.

Affirmed.

Altice, C.J., and Tavitas, J., concur.

---

[8] Also, the State does not challenge the court's determination that questions of fact exist as to whether I-69 was a reasonably safe highway at the time of Lucas's accident.