**PUTNAM COUNTY SHERIFF,**
**Appellant–Defendant,**

v.

**Pamela PRICE, Appellee–Plaintiff.**

**No. 60A01–0911–CV–551.**

Court of Appeals of Indiana.

July 28, 2010.

James S. Stephenson, Indianapolis, IN, Attorney for Appellant.

Keith L. Johnson, Terre Haute, IN, Attorney for Appellee.

## OPINION

KIRSCH, Judge.

The Putnam County Sheriff ("the Sheriff") appeals from the trial court's order denying the Sheriff's motion to dismiss filed in a civil action brought by Pamela Price ("Price") for damages resulting from an automobile accident. The following issues are presented in this appeal:

I. Whether the Sheriff had a duty to warn the public of a known hazardous condition; and

II. Whether the Sheriff is immune from suit.

We affirm.

## FACTS AND PROCEDURAL HISTORY

As this is an appeal from a motion to dismiss, the facts are taken from the complaint. On November 27, 2007 at approximately 7:15 a.m., Price was operating a motor vehicle northbound on County Road 375 West and reached a point adjacent to 5852 County Road 375 West when suddenly, and without warning, she encountered ice across the roadway. Price lost control of her vehicle, which overturned resulting in personal injury and property damage.

Sometime on or before that date, the Reelsville Water Authority ("RWA") investigated or was made aware of the icy condition at that location, which resulted from water running across the roadway and freezing. Although RWA was notified that its water line was leaking at or near

that location, RWA failed to correct the leak or warn the traveling public of the icy condition of the road. The Putnam County Sheriff's Department ("the Department") had been called to that location at approximately 5:30 a.m. that same morning to investigate an automobile accident that occurred when a motorist encountered the icy roadway. That motorist had lost control of the vehicle and crashed while crossing that icy area.

Deputy Wallace of the Department notified the Putnam County Highway Department ("Highway Department") of the icy condition while he was at the scene of the 5:30 a.m. accident and then left. Neither the Highway Department nor the Department took steps to alleviate the icy condition or warn the traveling public of the icy condition between 5:30 a.m. and 7:15 a.m., when the Price accident took place.

Price filed a complaint in Putnam County alleging negligence against the Highway Department, the Sheriff, and RWA. The case, which was subsequently amended to join the Putnam County Board of Commissioners ("the Board") as defendants, was transferred to Owen County after Price's motion for change of venue was granted. The Sheriff and the Highway Department filed their motion to dismiss and memorandum of law in which they alleged they owed no duty to alleviate or warn motorists of the condition of the county road, arguing that the duty fell to the Board, and that they were immune from suit under both the Indiana Tort Claims Act ("ITCA") and common law. The trial court held a hearing on the motion to dismiss and later denied the motion after taking the matter under advisement. The Sheriff now appeals.

## DISCUSSION AND DECISION

### Standard of Review

The standard of review of a trial court's grant or denial of a motion to dismiss for failure to state a claim under Indiana Trial Rule 12(B)(6) is *de novo. Sims v. Beamer,* 757 N.E.2d 1021, 1024 (Ind.Ct.App.2001). We do not defer to the trial court's decision because deciding a motion to dismiss based upon failure to state a claim involves a pure question of law. *Id.* "A motion to dismiss under Rule 12(B)(6) tests the legal sufficiency of a complaint: that is, whether the allegations in the complaint establish any set of circumstances under which a plaintiff would be entitled to relief." *Trail v. Boys & Girls Clubs of Nw. Ind.,* 845 N.E.2d 130, 134 (Ind.2006). "Thus, while we do not test the sufficiency of the facts alleged with regards to their adequacy to provide recovery, we do test their sufficiency with regards to whether or not they have stated some factual scenario in which a legally actionable injury has occurred." *Id.* "A court should 'accept [ ] as true the facts alleged in the complaint,' and should not only 'consider the pleadings in the light most favorable to the plaintiff,' but also 'draw every reasonable inference in favor of [the nonmoving] party.'" *Id.* (internal citations omitted).

### I. Duty To Warn

In order for Price to sustain an action for negligence, Price must establish: (1) a duty owed by the defendant to conform its conduct to a standard of care arising from its relationship with the plaintiff; (2) breach of that duty; and (3) an injury proximately caused by the breach of that duty. *Webb v. Jarvis,* 575 N.E.2d 992, 995 (Ind.1991). The existence of a duty is a question of law for the court to determine. *Benton v. City of Oakland City,* 721 N.E.2d 224, 232 (Ind.1999). In this appeal we are not presented with issues concerning breach or causation.

In *Benton,* the Supreme Court observed that "[i]n general, it is only after a deter-

mination is made that a governmental defendant is not immune under the ITCA that a court undertakes the analysis of whether a common law duty exists under the circumstances." 721 N.E.2d at 232. We note the Sheriff's motion to dismiss also raised the issue of immunity because of a temporary condition caused by weather pursuant to Indiana Code section 34–13–3–3(3).

In *Walton v. Ramp*, 407 N.E.2d 1189 (Ind.Ct.App.1980), this court reversed summary judgment entered for a county on the basis of this statutory immunity. The plaintiffs were involved in a car accident on an icy road, where the ice was alleged to have been caused by the adjacent landowner allowing water to run off his property onto the road. We held the "disposing of water by an adjacent landowner onto the highway, causing an icy slick spot when it is cold," is not a natural accumulation of snow and/or ice or a temporary condition resulting from weather but a "recurring danger resulting from more than just the weather." *Id.* at 1191. *Catt v. Bd. of Comm'rs of Knox County*, 779 N.E.2d 1, 5 (Ind.2002), also distinguishes the issues of whether a condition is temporary or permanent versus whether the condition is due to weather or some other cause. A county is only entitled to immunity if it carries its burden of demonstrating the condition of the roadway 1) was temporary and 2) resulted from weather. *Id.* at 6.

Unlike the situation presented by *Catt* or *Bules v. Marshall County*, 920 N.E.2d 247 (Ind.2010), where the county was able to show the plaintiff's loss was actually caused by weather, taking the allegations of the complaint as true for purposes of the motion to dismiss, the condition of the road was caused primarily by a leak in a water line owned by RWA. Moreover, the condition of the road was known to the Sheriff. Pursuant to *Catt* and *Walton*, there is no basis for dismissing the complaint on the issue of statutory immunity and the Sheriff does not pursue that argument on appeal. Consequently, we turn to the issue of the existence of a common law duty in this situation.

The Supreme Court noted in *Benton*, that in a series of decisions, ending with *Campbell v. State*, 259 Ind. 55, 284 N.E.2d 733 (1972), the common law doctrine of sovereign immunity was abrogated in almost all respects. 721 N.E.2d at 227. The Supreme Court acknowledged that after *Campbell*, "the common law general rule would be that governmental units would be liable for any breach of a duty owed to a private individual except for such claims as failure to prevent crime, appointment of an incompetent official, or an incorrect judicial decision." *Id.*[1] With the abolishment of sovereign immunity, *Campbell* recognized that all governmental units were bound by the common law duty to use ordinary and reasonable care under the circumstances, directly and also derivatively, *i.e.*, under a theory of respondeat superior. *Id.* Beyond those common law exceptions, immunity from suit was an issue left to the legislature. *Id.* at 232.

Applying the *Campbell* rule, reaffirmed in *Benton*, we conclude that the trial court correctly determined that the Sheriff, through its agent, Deputy Wallace,

---

1. Later, in *Gates v. Town of Chandler Water Department*, 725 N.E.2d 117 (Ind.Ct.App. 2000), we held that the failure to maintain an adequate water supply and water pressure was akin to the failure to provide adequate fire protection such that there is common law immunity from liability in both of those situations. In *City of Hammond v. Cipich*, 788 N.E.2d 1273 (Ind.Ct.App.2003), we concluded that the failure to provide adequate emergency rescue services was an exception to the common law general rule.

owed a common law duty of ordinary and reasonable care to warn the traveling public of the known hazardous condition on the icy road. "In Indiana, it is well settled that a governmental entity has a common law duty to exercise reasonable care and diligence to keep its streets and sidewalks in a reasonably safe condition for travel." *Catt,* 779 N.E.2d at 3. In addition to the duty to maintain property in a reasonably safe condition, there is also a duty to warn where there is a known hazardous condition. *See Benton,* 721 N.E.2d at 234 (city had common law duty to warn where diving at city-owned beach is known to be dangerous). Deputy Wallace, who arrived at the scene of the first accident, notified the Highway Department of the icy condition of the road, but did not remain at the location to warn other motorists about the condition of the road until someone from the Highway Department arrived. He had a duty to do so as did the Sheriff under the theory of *respondeat superior.*

The Sheriff claims that there is no agency relationship between his office and the Highway Department and the Board, thus no duty under *respondeat superior* citing to *Delk v. Bd. of Comm'rs of Delaware County,* 503 N.E.2d 436, 440 (Ind.Ct.App. 1987) in support of his argument. (agency relationship does not exist between county and its commissioners and sheriff). However, the focus of the Sheriff's argument is a duty to maintain the roads. We have already decided that the Sheriff has a common law duty to warn the public of a known hazardous condition. The allegations of Price's complaint concern the Sheriff's duty to warn. Thus, we do not find the Sheriff's argument persuasive here.

## II. Immunity From Suit

The Sheriff claims that assuming, *arguendo,* the trial court correctly decided that the Sheriff owed a common law duty to warn of the known hazardous condition of the road, the Sheriff was protected by common law immunity from suit because the conduct at issue is closely akin to the failure to provide adequate police protection to prevent crime. The Sheriff contends that we have extended the scope of immunity under that exception beyond crime prevention "to instances involving failure to provide police, fire or rescue services, or providing such services in a negligent manner," *Appellee's Br.* at 12, and should do so here.

We disagree. The duty to warn the public of the known hazardous condition of the road is not sufficiently akin to the failure to prevent crime exception to the general rule of *Campbell* to warrant an extension of immunity here.

Affirmed.

FRIEDLANDER, J., and ROBB, J., concur.