## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 16 2016, 8:15 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| APPELLANT *PRO SE* | ATTORNEYS FOR APPELLEE |
|---|---|
| Carl Johnson<br>Pendleton, Indiana | Gregory F. Zoeller<br>Attorney General of Indiana<br><br>Kyle Hunter<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Carl Johnson,<br><br>*Appellant-Plaintiff,*<br><br>v.<br><br>Corrections Officer Captain Blattner and<br>Corrections Officer Schell,<br><br>*Appellees-Defendants.* | December 16, 2016<br><br>Court of Appeals Case No.<br>48A02-1602-PL-285<br><br>Appeal from the Madison Circuit Court<br><br>The Honorable Thomas Newman, Jr., Judge<br><br>Trial Court Cause No.<br>48C01-1507-PL-87 |

**May, Judge.**

Carl Johnson appeals the dismissal of his civil complaint against Corrections Officer Captain Blattner ("CO Blattner") and Corrections Officer Schell ("CO Schell") (collectively, "the Correctional Officers").[1] We affirm in part, reverse in part, and remand.

## Facts and Procedural History

On July 28, 2015, Johnson filed a civil complaint asserting his Fourth Amendment rights under the United States Constitution were violated when he "was violated by the [Correctional Officers] as [he] was continually searched and/or ordered to be searched by them by being stripped out each and every time late at night while in [his] cell." (Appellant's App. at 6.) He alleged specifically he "was told to bend over and open [his] anus cavity" and he had been "psychologically damaged because of the abuse by all officers." (*Id*.) He also contended his Fourteenth Amendment rights under the United States Constitution were violated "based on the fact that other inmates were not subjected or treated in the same manner of abuse as [he] was." (*Id*.)

On December 22, 2015, the Correctional Officers filed a motion to dismiss Johnson's complaint pursuant to Indiana Trial Rule 12(B)(6) "because prisoners do not have a right to privacy under the 4th Amendment of the United States Constitution and the Plaintiff fails to allege sufficient facts to state an equal

---

[1] The Corrections Officers are not referred to by their full names in the record. We refer to them as their names appear on the Chronological Case Summary.

protection claim under the 14th Amendment to the United States Constitution." (*Id.* at i.) On January 11, 2016, the trial court granted the Correction Officers' motion to dismiss.

# Discussion and Decision

[4] We first note Johnson proceeds *pro se*. Litigants who proceed *pro se* are held to the same established rules of procedure that trained counsel is bound to follow. *Smith v. Donahue*, 907 N.E.2d 553, 555 (Ind. Ct. App. 2009), *trans. denied*, *cert. dismissed*, 558 U.S. 1074 (2009). One risk a litigant takes when proceeding *pro se* is that he will not know how to accomplish all the things an attorney would know how to accomplish. *Id.* When a party elects to represent himself, there is no reason for us to indulge in any benevolent presumption on his behalf or to waive any rule for the orderly and proper conduct of his appeal. *Foley v. Mannor*, 844 N.E.2d 494, 502 (Ind. Ct. App. 2006).

### *Standard of Review*

[5] Our standard of review is well-settled:

> We review *de novo* a ruling on a motion to dismiss a civil complaint for failure to state a claim pursuant to Indiana Trial Rule 12(B)(6). *Putnam County Sheriff v. Price*, 954 N.E.2d 451, 453 (Ind. 2011). "Such a motion tests the legal sufficiency of a claim, not the facts supporting it." *Caesars Riverboat Casino, LLC v. Kephart*, 934 N.E.2d 1120, 1122 (Ind. 2010). "That is to say, it tests whether the allegations in the complaint establish any set of circumstances under which a plaintiff would be entitled to relief." *Price*, 954 N.E.2d at 453. In ruling on a Rule 12(B)(6) motion,

courts are required to view the complaint in the light most favorable to the non-moving party and with every inference in its favor. *Id*.

*Medley v. Lemmon*, 994 N.E.2d 1177, 1182 (Ind. Ct. App. 2013), *reh'g denied*, *trans. denied*. Dismissals under T.R. 12(B)(6) are "rarely appropriate." *Obemski v. Henderson*, 497 N.E.2d 909, 910 (Ind. 1986).

### *Fourth Amendment Claim*

[6] More than thirty years ago, our Indiana Supreme Court explained:

> The United States Supreme Court recently held in *Hudson v. Palmer* [468 U.S. 517] (1984), that a prison inmate does not have a reasonable expectation of privacy in his prison cell entitling him to Fourth Amendment protection against unreasonable searches and seizures. The Court stated that a right of privacy in traditional Fourth Amendment terms is fundamentally incompatible with the close and continual surveillance of inmates and their cells required to ensure institutional security.

*Perkins v. State*, 483 N.E.2d 1379, 1384 (Ind. 1985). The United States Supreme Court has also ruled that body cavity searches such as those described by Johnson are not unreasonable searches because the "[s]muggling of drugs, weapons, and other contraband is all too common an occurrence. And inmate attempts to secrete the items into the facility by concealing them in body cavities are documented in this record and in other cases." *Bell v. Wolfish*, 441 U.S. 520, 559 (1979). Thus, both types of searches of which Johnson complains are not considered unreasonable under established case law, and his Fourth Amendment argument fails as a matter of law.

## Fourteenth Amendment Claim

[7]     The Fourteenth Amendment to the United States Constitution prohibits the states from denying "to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV §1. To establish a *prima facie* case of violation of a person's equal protection rights, a plaintiff must show "he or she is a member of a protected class, that he or she is otherwise similarly situated to members of the unprotected class, and that he or she was treated differently from members of the unprotected class." *Dickson v. Aaron*, 667 N.E.2d 759, 763 (Ind. Ct. App. 1996) (*quoting Sims v. Mulcahy*, 902 F.2d 524, 538 (7th Cir. 1990), *cert. denied*, 498 U.S. 897 (1990)), *trans. denied*. "Moreover, a plaintiff alleging a violation of the equal protection clause must not only establish that she was treated differently, but she must also establish that the defendants acted with discriminatory intent." *Id*. In the alternative, "a plaintiff who is not part of an identifiable class but is singled out for discriminatory treatment can raise a 'class of one' equal protection claim." *City of Indianapolis v. Armour*, 946 N.E.2d 553, 565 (Ind. 2011), *cert. granted*, *opinion affirmed by Armour v. City of Indianapolis, Ind.*, 132 S.Ct. 2073 (2012). "Class of One" cases are marked with a claim that "underlying the government's decision [to treat the plaintiff differently] is animus or ill-will toward the plaintiff." *Id*.

[8]     As stated in *Price*, dismissal of a claim is not appropriate if "the allegations in the complaint establish any set of circumstances under which a plaintiff would be entitled to relief." *Price*, 954 N.E.2d at 453. In his complaint, Johnson alleged, "my 14th Amendment of equal protection and equal treatment was

violated under the U.S Constitution based on the fact that other inmates were not subjected or treated in the same manner of abuse as I was." (Appellant's App. at 6) (errors in original). To support his claim, Johnson asserted:

> This claim 2 is in regards to my 14th Amendment right of equal protection under the law as I was being stripped out naked by these officers continually even though they knew that I had already been violated several times already. They knew because I told them that the other officers had looked up my anus at least three times without finding any wrong doing on my part. I also asked every officer what was the reason that I was being violated of my rights. They wouldn't give me any explanation. Now I have been psychologically damages because of the abuse by all officers.

(*Id.*) (errors in original). Johnson's allegations fit those of a "class of one" equal protection claim in that he contends he was treated differently than other prisoners and provided details of that treatment. The dismissal of Johnson's equal protection claim under the Fourteenth Amendment was not appropriate.[2]

# Conclusion

The trial court properly dismissed Johnson's Fourth Amendment claim, as it had no basis in law. However, it erred when it dismissed Johnson's Fourteenth

---

[2] Johnson also complains on appeal he was not permitted to amend his complaint following dismissal as required by T.R. 12(B). However, as we hold the dismissal was inappropriate, we need not decide this issue.

Amendment claim.  Accordingly, we affirm in part, reverse in part, and remand.

[10] Affirmed in part, reversed in part, and remanded.

Baker, J., and Brown, J., concur.