Kenneth HEDGES and City of Terre Haute, Appellants (Defendants Below),

v.

Perry RAWLEY and George Mackey, Appellees (Plaintiffs Below).

No. 1-780A197.

Court of Appeals of Indiana, First District.

April 20, 1981.
Rehearing Denied June 1, 1981.

Robert F. Hellmann, Asst. City Atty., Terre Haute, for appellants.

James A. Strain and Edward O. DeLaney, Barnes, Hickam, Pantzer & Boyd, Indianapolis, for appellees.

ROBERTSON, Judge.

Kenneth Hedges (Hedges) and the City of Terre Haute appeal the decision granting Perry Rawley (Rawley) and George Mackey (Mackey) $25,000 in damages arising from their suit under the Tort Claims Act for malicious prosecution and slander. Hedges and Terre Haute assert that Rawley and Mackey did not comply with the statutory notice provisions, that the trial court erred by not giving an instruction, and that they were statutorily exempt from these claims.

We reverse.

Hedges was the assistant superintendent at the sewage treatment plant for Terre Haute. In this role, he was a supervisor for

both Rawley and Mackey, who were operators at the plant. On or about June 13, 1975, Hedges accused Rawley and Mackey of theft of gasoline from the plant. Rawley and Mackey were subsequently suspended from their jobs pending an investigation. Hedges, Rawley, and Mackey were interviewed by the police. The investigating officer initially determined that insufficient probable cause existed for an arrest, but Hedges then contacted the Prosecutor, who determined that sufficient probable cause existed for an arrest. Rawley and Mackey were later arrested, tried, and found not guilty of theft in November of 1975.

On December 4, 1975, Rawley and Mackey filed separate notices of grievance with their union which later presented the grievances to the City. The following letters were submitted:

1. [Perry Rawley/George Mackey] was accused of stealing gas from a company vehicle on or about June 13, 1975. I was then suspended without pay from by job pending court action.

On November 26, 1975 in city court I was found not guilty of the charges.

Now on December 4, 1975 I respectfully request to be reinstated to my job with all back wages.

In early April of 1976, Rawley and Mackey sent supplemental notices to the City. The supplemental notices informed the City of possible actions for slander and malicious prosecution. It must be noted that the second notices were not within one hundred and eighty days of the original accusation by Hedges.

Hedges and Terre Haute moved to dismiss and for a judgment on the evidence on the claims of Rawley and Mackey because they failed to provide proper notice. With regards to the count of slander, Rawley and Mackey argue that the letters sent December 4, 1975 substantially complied with the notice requirement, that the City was aware of these possible actions, and that Hedges republished his accusation during a meeting concerning the reinstatement of Rawley and Mackey and this republication is independently actionable. Both parties agree that the malicious prosecution claim

did not accrue until Rawley and Mackey were found not guilty on November 26, 1975, such that the April letters were timely and within the one hundred and eighty day notice provisions of Ind.Code 34–4–16.5–7.

The count of slander should have been dismissed for failing to satisfy the notice provisions of Ind.Code 34–4–16.5–9. This section provides:

The notice required by sections 6, 7, and 8 [34–4–16.5–6—34–4–16.5–8] of this chapter shall describe in a short and plain statement the facts on which the claim is based. The statement shall include the circumstances which brought about the loss, the extent of the loss, the time and place the loss occurred, the names of all persons involved if known, the amount of the damages sought, and the residence of the person making the claim at the time of the loss and at the time of filing the notice.

Rawley and Mackey argue that the "grievance" letters constitute substantial compliance with IC 34–4–16.5–9. Rawley and Mackey argue that the notice provisions only require information advising a city of an accident so that a prompt investigation can begin. *See, Delaware County v. Powell,* (1979) Ind., 393 N.E.2d 190.

While it is well settled law that the purpose of the notice provisions of the Torts Claim Act is to furnish the appropriate governmental unit with the necessary information to investigate a claim and prepare its defense, the letters submitted by Rawley and Mackey cannot satisfy the provisions of IC 34–4–16.5–9. In *City of Indianapolis v. Satz,* (1978) 268 Ind. 581, 377 N.E.2d 623, the supreme court found that a letter did not comply with the notice provisions because it did not contain a description of the incident, the causes and conditions thereof, and the nature or extent of the injuries sustained. The letters submitted by Rawley and Mackey were termed "grievance" and filed with their labor union. The letters merely request reinstatement and back wages and contain no statements or allegations of tortious conduct by Hedges or the City. Although neither man received back wages, Rawley was reinstated. Mackey was not reinstated because the plant had

been subject to layoffs and he lacked sufficient seniority.

■ Rawley and Mackey argue that the City of Terre Haute did in fact make an investigation and, therefore, the letters provided sufficient notice. Mere actual knowledge of an incident or routine investigation is not sufficient to constitute substantial compliance with the statutory requirements. *Geyer v. City of Logansport*, (1977) 267 Ind. 334, 370 N.E.2d 333. Although discussions concerning reinstatement occurred with the Mayor's knowledge, we remain unpersuaded that the submission of a labor grievance constitutes substantial compliance with the notice provisions of the Torts Claim Act. The letters provided notice of a labor dispute, which the City of Terre Haute promptly acted upon by reinstating Rawley. It contained no information to apprise the City of potential tort liability. Compliance with the statutory notice requirements is a procedural precedent to recovery which can be raised by the defendant in a responsive pleading. Once the issue is raised, the burden is on the plaintiff to demonstrate compliance. *City of Indianapolis v. Staz, supra*. The failure to comply with IC 34–4–16.5–9 precludes Rawley and Mackey from recovery on the count of slander.

■ Rawley and Mackey allege that Hedges republished the slander during meetings concerning their reinstatement in December. They argue that the republication of a slander is a separate action, such that the supplemental notice submitted in April was timely. The April letters do not mention anything about a republication or tortious conduct in the December meeting and, therefore, do not satisfy the requirements of IC 34–4–16.5–9.

■ The April letters were timely in regards to the issue of malicious prosecution because that action did not accrue until appellees were found not guilty of theft. Hedges and the City of Terre Haute argue that the count for malicious prosecution should have been dismissed because of exceptions contained in the Torts Claim Act. Ind.Code 34–4–16.5–3 provides the following exceptions to recovery:

A governmental entity or an employee acting within the scope of his employment is not liable if a loss results from:

  (5) the initiation of a judicial proceeding;

  (6) the performance of a discretionary function.

Rawley and Mackey argue that the immunity provided in subsection five does not apply to the current situation because Hedges was not authorized to exercise police functions. They argue that the provisions of this subsection do not extend to the initiation of judicial proceedings if the tort results from a proprietary activity of government.

The trial court erred by not dismissing the count of malicious prosecution. In *Livingston v. Consol. City of Indianapolis*, (1979) Ind.App., 398 N.E.2d 1302, it was held that subsection five provides immunity to state and municipal subdivisions and police against claims for malicious prosecution. In that case we stated:

  that the Legislature fully intended to extend immunity to the State of Indiana and other political subdivisions and their police officers in actions for malicious prosecution.

Rawley and Mackey argue that *Livingston* only applies to police officers or law enforcement activities, and is, therefore, distinguishable from the present situation. The interpretation proposed by Rawley and Mackey is not warranted when the language in IC 34–4–16.5–3(5) is examined. The language is not limited to law enforcement personnel or activities. The Legislature utilized broad language in this section and certainly could have adopted a statute which limited the immunity. The plain meaning of the language provides immunity to the State and political subdivisions and their employees acting within the scope of their employment.

■ It is not disputed that Hedges is an employee and the City of Terre Haute is a political subdivision within the definitions contained in the Torts Claim Act. All parties agree that Hedges was acting within the scope of his employment. Rawley and

Mackey argue that since the providing of sewer services is a proprietary function and not a governmental function, then no immunity exists. The statutory language of IC 34–4–16.5–3(5) does not support this distinction. Since all parties are in agreement that Hedges acted within the scope of his employment, the trial court should have dismissed the claim of malicious prosecution against him.

Rawley and Mackey presented some evidence to show that Hedges may have acted in bad faith by accusing Rawley and Mackey. The jury entered general verdicts in favor of Rawley and Mackey. Absent a specific finding of bad faith, it is inappropriate to infer such a finding. The slander claim should have been dismissed because of improper notice. The claim for malicious prosecution should have also been dismissed because both Hedges and the City of Terre Haute were within the protection of IC 34–4–16.5–3(5). Because both claims should have been dismissed, there is no reason to discuss whether Hedges acted within the provisions of IC 34–4–16.5–3(6) or the failure of the trial court to give an instruction.

The judgment is reversed.

NEAL, P. J., and RATLIFF, J., concur.