**Daniel K. BUTT, Individually and in his capacity as Deputy Town Marshal of the Town of Akron, Indiana, Appellant–Defendant,**

v.

**James H. McEVOY, Appellee–Plaintiff.**

No. 25A03–9511–CV–376.

Court of Appeals of Indiana.

Aug. 6, 1996.

Robert T. Keen, Jr., Larry L. Barnard, Miller Carson Boxberger & Murphy, Fort Wayne, for Appellant.

Jay T. Hirschauer, Hirschauer & Hirschauer, Logansport, for Appellee.

## OPINION

GARRARD, Judge.

Daniel Butt appeals the denial of his motion for summary judgment on James McEvoy's claim for malicious prosecution. We reverse.

### FACTS

On December 13, 1991, McEvoy, the Town Marshal of Akron, Indiana, was arrested and charged with obstruction of justice and contributing to the delinquency of a minor. As a result of his arrest, McEvoy was removed as Town Marshal. In September of 1992, all charges were dropped. Thereafter, McEvoy filed a complaint against Butt, who had served under him as Deputy Town Marshal, for false arrest and malicious prosecution. McEvoy alleged that his arrest was based upon false statements which Butt had made to Fulton County Deputy Sheriff James Hubbard, which resulted in charges being filed against McEvoy.

Butt filed a motion for summary judgment on all of McEvoy's claims. The trial court granted summary judgment on the claim for false arrest, finding that McEvoy failed to timely file a notice of claim pursuant to the Tort Claims Act and that the statute of limitations had expired. However, the court found that there existed a material issue of fact on Butt's affirmative defense of immunity to the claim of malicious prosecution and therefore denied summary judgment on this claim. We accepted jurisdiction of the interlocutory appeal of this order.

### DISCUSSION

The issue before us is the extent to which a police officer is entitled to immunity from a claim for malicious prosecution.

Summary judgment is properly granted only when the evidentiary matter designated to the trial court shows that there is no issue of material fact and the moving party is entitled to judgment as a matter of law. Ind.Trial Rule 56(C); *Briggs v. Finley*, 631 N.E.2d 959, 963 (Ind.Ct.App.1994), *trans. denied.* The burden is on the moving party to prove that there are no genuine issues of material fact and that he is entitled to judgment as a matter of law. *Landau v. Bailey,*

629 N.E.2d 264, 266 (Ind.Ct.App.1994), *reh'g denied.* If the movant sustains this burden, the opponent may not rest on the allegations of the pleadings but must set forth specific facts showing that there is a genuine issue for trial. *Id.* On appeal, we are bound by the same standard as the trial court and we must consider all matters which were designated at the summary judgment stage in the light most favorable to the nonmoving party. *Schooley v. Ingersoll Rand, Inc.,* 631 N.E.2d 932, 936 (Ind.Ct.App.1994). As McEvoy failed to file a response to the summary judgment motion in the trial court, our review of the evidence is strictly limited to that properly designated by Butt.

■ A claim for malicious prosecution requires the proof of four elements: (1) the defendant instituted or caused to be instituted a prosecution against the plaintiff; (2) the defendant acted with malice in doing so; (3) the prosecution was instituted without probable cause; and (4) the prosecution terminated in the plaintiff's favor. *Kroger Food Stores, Inc. v. Clark,* 598 N.E.2d 1084, 1087 (Ind.Ct.App.1992), *reh'g denied, trans. denied.* Butt contends that he is entitled to immunity from a malicious prosecution claim based upon the Tort Claims Act, specifically under the following provision:

> A governmental entity or an employee acting within the scope of the employee's employment is not liable if a loss results from:
>
> . . . .
>
> (5) the initiation of a judicial or an administrative proceeding. . . .

Ind.Code § 34–4–16.5–3(5).

■ In *Livingston v. Consolidated City of Indianapolis,* 398 N.E.2d 1302 (Ind.Ct.App. 1979), the court examined I.C. § 34–4–16.5– 3(5) in the context of a malicious prosecution claim against a police officer and concluded that "the legislature fully intended to extend immunity to the State of Indiana and other political subdivisions and their police officers in actions for malicious prosecution." *Id.* at 1305. The court noted that false arrest and false imprisonment, which are committed to the sole discretion of police officers, are not entitled to immunity. *Id.,* citing I.C. § 34–4– 16.5–3(7). However, in the context of a mali-

cious prosecution claim, safeguards are in place as the prosecuting attorney must approve an information and an arrest warrant cannot be issued without a probable cause determination by a judge. *Id.* The court went on to explain the policy arguments supporting the grant of immunity to police officers in actions for malicious prosecution:

> At the outset, we are faced with an apparent conflict between the public policy of protecting individual citizens from oppressive official action and the equally well established policy of promoting the fearless and effective administration of the law for the whole people by protecting public officers from vindictive and retaliatory damage suits. . . .
>
> When the duty to investigate crime and to institute criminal proceedings is lodged with any public officer, it is for the best interests of the community as a whole that he be protected from harassment in the performance of that duty. The efficient functioning of our system of law enforcement is dependent largely upon the investigation of crime and the accusation of offenders by properly trained officers. . . . "The public welfare requires that this choice (whether or not to institute proceedings) shall be free of all fear of personal liability. To assure this freedom of action it is deemed best to make that assurance positive and definite by securing him against even actions based upon a malicious abuse of his official power." [*Phelps v. Dawson,* 97 F.2d 339, 340 (8th Cir. 1938) ].

*Id.* at 1306, quoting *White v. Towers,* 37 Cal.2d 727, 235 P.2d 209, 211 (1951). This policy statement was recently reaffirmed in *Clifford v. Marion County Prosecuting Attorney,* 654 N.E.2d 805 (Ind.Ct.App.1995) (finding that prosecutorial immunity under I.C. § 34–4–16.5–3(5) includes immunity for actions undertaken pursuant to authority to enforce child support orders).

McEvoy urges us to abandon the policy argument underlying *Livingston,* contending that such reasoning is outdated and does not provide appropriate protection in a situation where a police officer knowingly provides false information to support the filing of criminal charges. We first state that we agree with the court in *Clifford* in determin-

ing that the basic policy arguments underlying *Livingston* continue to be valid today. *See Clifford,* 654 N.E.2d at 808–09. Second, we note that the legislature has had ample opportunity to modify the immunity statute but has failed to do so, permitting an inference that the *Livingston* court's broad interpretation of the grant of immunity in malicious prosecution actions is accurate. *See also Hedges v. Rawley,* 419 N.E.2d 224, 227 (Ind.Ct.App.1981) ("The Legislature utilized broad language in this section and certainly could have adopted a statute which limited the immunity.") Third, we observe that McEvoy was not left without recourse in this case. It was McEvoy who failed to timely file his claim for false arrest. Further, an action could have been brought under 42 U.S.C. § 1983 against Butt for making a false statement and thereby depriving McEvoy of his civil rights. *See Drake v. Lawrence,* 524 N.E.2d 337 (Ind.Ct.App.1988), *reh'g denied, trans. denied* (police officer who made false statements in information liable for deprivation of civil rights under § 1983).

█ McEvoy also argues that this case is distinguishable from *Livingston* because Butt knowingly provided false and malicious information. We first observe that McEvoy failed to designate *any* evidence to the trial court to support his contentions. Second, even assuming bad faith, it is clear that acting maliciously does not preclude application of immunity under I.C. § 34–4–16.5–3(5). *See Clifford,* 654 N.E.2d at 809 ("In view of the fact that the primary tort which arises from initiating legal proceedings necessarily includes the element of bad faith, the presence of bad faith cannot remove the conduct from the very protection envisioned by the Act."). McEvoy conceded in his complaint that at all times Butt was acting within the scope of his employment. If the activity is one in which the individual may engage, i.e., if it is within the individual's general scope of authority, it is "authorized" within the meaning of the Tort Claims Act, regardless of whether it was done negligently or with improper motive. *Id.* at 810. McEvoy conceded in his complaint that at all times Butt was "utilizing his authority and position as deputy town marshal." (R. at 7). Thus, we are of the opinion that *Livingston* is applicable to this case.

McEvoy further contends that Butt did not initiate a judicial proceeding as required under the immunity statute because it was the deputy sheriff who signed the probable cause affidavit, based in part upon statements and information provided by Butt. We first note that the claim of malicious prosecution requires that the defendant has initiated or caused to be initiated an action; thus, in order to sustain his claim, McEvoy must necessarily allege that Butt was involved in initiating the proceeding. Evidently, McEvoy maintains that Butt was sufficiently involved in initiating the proceeding to be liable for malicious prosecution, but not sufficiently involved to permit immunity. We do not agree with his reasoning. To draw the distinction urged by McEvoy would remove from the protection of the statute the very conduct it was intended to cover. *See Clifford,* 654 N.E.2d at 809. The policy of ensuring that the choice of whether to initiate proceedings shall be free from fear of personal liability, as enunciated in *Livingston,* will only be advanced by a broad guarantee of immunity from malicious prosecution claims, as set forth by our legislature in the immunity statute. *See Hedges,* 419 N.E.2d at 227. Butt, by providing information to the Fulton County Sheriff which resulted in the initiation of judicial proceedings against McEvoy, was sufficiently involved in the initiation of proceedings so as to be entitled to immunity from a claim for malicious prosecution under I.C. § 34–4–16.5–3(5).

█ Butt was acting within the scope of his authority as a police officer in providing information to the Fulton County Sheriff's office, and this information resulted in the initiation of judicial proceedings against McEvoy. Under I.C. § 34–4–16.5–3(5), Butt is immune from liability on a claim for malicious prosecution. We therefore reverse the judgment of the trial court denying Butt's motion for summary judgment on this issue.

Judgment reversed.

DARDEN and NAJAM, JJ., concur.