# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Nov 30 2018, 9:47 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Willie Erving Taylor, Jr.
Michigan City, Indiana

IN THE

# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Willie Erving Taylor, Jr., <br><br> *Appellant-Plaintiff,* <br><br> v. <br><br> City of Hammond, Indiana; Mayor Thomas McDermott, Jr.; City of Hammond Law Department Corporation Counsel, William J. O'Connor; Kristina C. Kantar, City Attorney; Detective Mark Detterline; Detective Wendy Jo Gardner; Reporting Officer Paul Lynn; Detective Dancer; Officer M. Schmidt; Officer Dulmovich; Detective Suarez; and Former Chief of Police, Brian Miller, <br><br> *Appellees-Defendants* | November 30, 2018 <br><br> Court of Appeals Case No. 18A-CB-1367 <br><br> Appeal from the Lake Superior Court <br><br> The Honorable John R. Pera, Judge <br><br> Trial Court Cause No. 45D10-1803-CB-000004 |

**Vaidik, Chief Judge.**

[1] In March 2018, Willie E. Taylor Jr., an inmate in the Indiana Department of Correction, filed a pro se complaint for damages against the City of Hammond and numerous individuals. Although it is difficult to decipher his allegations, Taylor appears to allege that he was "wrongful[ly] convict[ed]" of Class C felony auto theft in Cause No. 45G02-0609-FD-114. Appellant's App. Vol. II p. 13; *see also* Appellant's Br. pp. 7 (alleging that he was "framed" by police) & 8 (alleging that he is innocent of the crime). Taylor seeks $3.2 million in damages.

[2] Pursuant to the Frivolous Prisoner Claim Statute, Indiana Code chapter 34-58-1, the trial court reviewed Taylor's complaint and determined that his claim could not proceed because it was not a claim upon which relief may be granted. The court reasoned that Taylor's complaint, which "essentially claims that the Defendants are responsible for his false arrest and wrongful conviction for a crime that occurred on September 23, 2006," was filed "well after the expiration of the [two-year] Statute of Limitations." Appellant's App. Vol. II p. 26.

[3] Taylor now appeals. We agree that Taylor's claim is not a claim upon which relief may be granted, but for a different reason than the trial court found. That is, a person cannot seek civil damages on the basis that they were wrongfully convicted unless and until the conviction has been reversed, vacated, or otherwise set aside. *See generally Waldrip v. Waldrip*, 976 N.E.2d 102, 111 (Ind. Ct. App. 2012); *Butt v. McEvoy*, 669 N.E.2d 1015, 1017 (Ind. Ct. App. 1996); *see*

*also Heck v. Humphrey*, 512 U.S. 477, 489 (1994) (holding that there is "no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus"). Taylor acknowledges that his conviction in Cause No. 45G02-0609-FD-114 still stands. *See* Appellant's Br. p. 19. We therefore affirm the judgment of the trial court.

[4] Affirmed.

Riley, J., and Kirsch, J., concur.