FILED

Sep 30 2019, 8:41 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEY FOR APPELLANT

James E. Ayers
Wernle, Ristine & Ayers
Crawfordsville, Indiana

ATTORNEY FOR APPELLEES

Daniel J. Paul
Williams Barrett & Wilkowski, LLP
Greenwood, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Heather Stone, *Appellant*, | September 30, 2019 |
| | Court of Appeals Case No. 18A-CT-3151 |
| v. | Appeal from the Vermillion Circuit Court |
| Doyle T. Wright and The City of Clinton, Indiana, *Appellee*. | The Honorable Robert M. Hall, Special Judge |
| | Trial Court Cause No. 83C01-1610-CT-17 |

**Brown, Judge.**

[1] Heather Stone appeals the trial court's dismissal of her second amended complaint against Doyle T. Wright and the City of Clinton (the "City," and together with Wright, "Defendants") and denial of her motion for leave to file a third amended complaint. She raises five issues which we consolidate and restate as:

    I.  Whether the trial court erred in dismissing her second amended complaint; and
    II. Whether the court abused its discretion in denying her motion for leave to file a third amended complaint.

We affirm.

*Facts and Procedural History*

[2] On October 11, 2016, Stone filed a complaint against Wright, the Deputy Chief of Police for the City, and the City alleging that Deputy Chief Wright executed a false affidavit for probable cause on May 6, 2014, asserting that she touched A.M., a child, in a rude, insolent or angry manner resulting in bodily injury, that he conspired with Vermillion County Deputy Prosecutor Gregory S. Carter to charge her with a felony for which there was no probable cause as there was no injury nor any evidence of injury, and that she was wrongfully arrested and held in the Vermillion County Jail. She alleged that she suffered damages "by reason of such false charges, by her estrangement from her child, the expenses of living apart from her husband and family, the disruption of her marriage and home and the embarrassment in her community from the unfounded charges." Appellant's Appendix Volume II at 12.

On December 5, 2016, Defendants filed a motion to dismiss and alleged that state law claims of false arrest and malicious prosecution asserted by Stone were torts, that she filed a Notice of Tort Claim on May 23, 2016, that she failed to timely provide notice of her tort claims, and that they were entitled to immunity for her malicious prosecution claim. Defendants attached a Notice of Claim Against Political Subdivision dated May 25, 2016.

On January 19, 2017, Stone filed a first amended complaint which was similar to the initial complaint. On February 1, 2017, Stone filed a second amended complaint which was similar to the previous complaints but also referred to "causes of action for false arrest and malicious prosecution" and alleged that a remedy under the Fourteenth Amendment and 42 U.S.C. § 1983 was appropriate. *Id.* at 17.

In February 2017, Defendants filed a Notice of Removal of Civil Action to United States District Court. On August 15, 2017, the United States District Court for the Southern District of Indiana entered an order finding that Stone's false arrest claim began to accrue on May 9, 2014, when the state court found probable cause for battery resulting in bodily injury, issued an arrest warrant, and set an amount for bond. The court found that Stone had until May 9, 2016, to file her false arrest claim but waited until October 11, 2016, to file her complaint, and that "[a]ccordingly, her state law false arrest claim is time-barred by the statute of limitations." Appellees' Appendix Volume II at 58. The court found that Stone's "allegations are insufficient to state a claim for malicious prosecution pursuant to § 1983." *Id.* at 60. It also stated that "Stone

has failed to allege any facts that demonstrate that Defendants acted with malice, and merely provided a conclusory allegation that Chief Deputy Wright acted without probable cause" and that "[a]ccordingly, Ms. Stone has failed to state a § 1983 malicious prosecution claim." *Id.* at 61. It stated that, "[b]ecause Ms. Stone's § 1983 false arrest and malicious prosecution claims are dismissed pursuant to this Order, her only remaining claims are state law claims of false arrest and malicious prosecution." *Id.* The court dismissed with prejudice Stone's false arrest and malicious prosecution claims pursuant to 42 U.S.C. § 1983 and remanded her state law claims of false arrest and malicious prosecution back to the Vermillion Circuit Court.[1]

[6] On September 15, 2017, Defendants filed a motion to dismiss Stone's second amended complaint in the Vermillion Circuit Court pursuant to Ind. Trial Rule 12(B)(6) and asserted again that she failed to timely provide notice of her tort claim regarding her allegation of false arrest and that they were entitled to immunity with respect to her malicious prosecution claim.

[7] On June 11, 2018, the court entered an order granting Defendants' motion to dismiss. On July 12, 2018, Stone filed a motion to correct error. On July 19, 2018, the court entered an order appointing a special judge and scheduled a hearing for August 6, 2018. On August 6, 2018, the court held a hearing at

---

[1] We note that Stone appealed the district court's order and the Seventh Circuit ultimately affirmed and concluded: "The district court's decision sent all of Stone's state-law claims to state court. That is where they belong." *Stone v. Wright*, 734 F. App'x 989, 990 (7th Cir. 2018).

which Stone failed to appear and Defendants filed a response to the motion to correct error. On August 10, 2018, Stone filed a motion for enlargement of time to reply to Defendants' response. A chronological case summary entry dated August 14, 2018, states that Stone did not appear for the hearing on the motion to correct error, the court advised defense counsel that the motion to correct error was being taken under advisement, that Stone had filed a subsequent motion, "which is untimely, but, if [Stone] desires a telephonic conference, then the same may be arranged, otherwise, after August 20, 2018, the Court will consider the issue to be under advisement." Appellant's Appendix Volume II at 8. Following Stone's request, the court held a telephonic conference on August 20, 2018.

[8] On August 27, 2018, Stone filed a motion for leave to file a third amended complaint alleging a claim of intentional infliction of emotional distress and that she served notice of her intent to assert her claims against Defendants on May 20, 2016 and "did so within 180 days of the dismissal of the charges against her . . . ." *Id.* at 54. On October 29, 2018, the court held a hearing on Stone's motion to correct error. On November 28, 2018, the court entered an order denying Stone's motion to correct error and motion for leave to file a third amended complaint.

## *Discussion*

### I.

[9] The first issue is whether the trial court erred in dismissing Stone's second amended complaint. Stone alleges that she lived with her husband and two-year-old ward, that her child had a tantrum, and that "[s]ome bystanders took offense at her actions in removing and securing the child, describing her trip to her car as abusive and her securing the seat belt as assault." Appellant's Brief at 8. She asserts that Wright "investigated" and called the Department of Child Services which deemed the charge unsubstantiated. *Id.* She asserts that public policy supports the position that the claimed immunity be abandoned in cases arising out of false arrest and false imprisonment.

[10] Defendants maintain that Stone waived multiple arguments because she failed to present them to the trial court. They assert that, waiver notwithstanding, Stone's false arrest claim was properly dismissed because she conceded that claim was untimely, her tort claim notice was untimely, the City did not arrest her, the trial court in the criminal case found probable cause existed for her arrest, her claim was barred by the statute of limitations, and the district court's ruling constituted *res judicata*. They argue that Stone's malicious prosecution claim was properly dismissed because they are immune under the Indiana Tort Claims Act for malicious prosecution, she did not allege that Wright acted outside the course and scope of his employment as a police officer for the City, there was a determination of probable cause by the court in the criminal case, and the complaint does not allege they instituted an action against her, rather, it alleges the Vermillion County Deputy Prosecutor Gregory S. Carter did so.

A motion to dismiss pursuant to Ind. Trial Rule 12(B)(6) tests the legal sufficiency of the complaint. *Price v. Ind. Dep't of Child Servs.*, 80 N.E.3d 170, 173 (Ind. 2017). The rule requires that we accept as true the facts alleged in the complaint. *Id.* We review 12(B)(6) motions de novo and will affirm a dismissal if the allegations are incapable of supporting relief under any set of circumstances. *Id.* We will also affirm a dismissal if the decision is sustainable on any basis in the record. *Id.*

A. *False Arrest and False Imprisonment*

With respect to Stone's claims of false arrest and imprisonment, Stone asserts that "[t]he two-year statute of limitations for torts set out in I.C. 34-11-2-4 applies . . . ." Appellant's Brief at 19. Ind. Code § 34-11-2-4 provides that "[a]n action for . . . injury to person or character . . . must be commenced within two (2) years after the cause of action accrues." *See Johnson v. Blackwell*, 885 N.E.2d 25, 30 (Ind. Ct. App. 2008) (holding that the statute of limitations governing injury to person applies to a claim of false arrest). "In general, the cause of action of a tort claim accrues and the statute of limitations begins to run when the plaintiff knew or, in the exercise of ordinary diligence, could have discovered that an injury had been sustained as a result of the tortious act of another." *Id.* (quoting *Filip v. Block*, 879 N.E.2d 1076, 1082 (Ind. 2008) (quotation omitted), *reh'g denied*).

"In *Livingston v. Consolidated City of Indianapolis*, 398 N.E.2d 1302, 1303 (Ind. Ct. App. 1979), this Court held that the plaintiff's causes of action for false arrest,

false imprisonment, and assault and battery against the City of Indianapolis and the State of Indiana accrued on the date of the plaintiff's arrest." *Johnson*, 885 N.E.2d at 30. In *Johnson*, we observed:

> More recently, the United States Supreme Court analyzed the accrual date of a § 1983 cause of action for false arrest/false imprisonment (which under Illinois law also had a two-year statute of limitations) in *Wallace v. Kato*, 549 U.S. 384, 127 S. Ct. 1091, 166 L.Ed.2d 973 (2007), *reh'g denied*. In that case, the police arrested Wallace for murder in 1994. He was tried and convicted, but the charges were ultimately dismissed in April 2002. In April 2003 Wallace filed a § 1983 suit against the City of Chicago and several police officers seeking damages arising from his unlawful arrest. The Seventh Circuit affirmed the district court's grant of summary judgment in favor of the defendants finding that Wallace's § 1983 suit was time barred because his cause of action accrued at the time of his arrest and not when his conviction was later set aside. On appeal, the United States Supreme Court set forth the general rule that the period of limitations begins to run when the alleged false imprisonment ends. *Id.* at 1096. Applying common law tort principles, the Court stated, "Reflective of the fact that false imprisonment consists of detention without legal process, a false imprisonment ends once the victim becomes held pursuant to such process—when, for example, he is bound over by a magistrate or arraigned on charges." *Id.* (citations omitted). Thereafter, unlawful detention forms part of the damages for the entirely separate tort of malicious prosecution. *Id.* That is, if there is a false arrest claim, damages for that claim cover the time of detention up until the issuance of process or arraignment but not more. *Id.* From that point on, any damages recoverable must be based on a malicious prosecution claim rather than on the detention itself. *Id.* As such, the United States Supreme Court held that Wallace's "contention that his false imprisonment ended upon his release from custody, after the

State dropped the charges against him, must be rejected. It ended much earlier, when legal process was initiated against him, and the statute would have begun to run from that date, but for its tolling by reason of [his] minority." *Id.* (footnote omitted).

*Id.* at 30-31. *See also Fox v. Rice*, 936 N.E.2d 316, 322 (Ind. Ct. App. 2010) (holding that a false imprisonment ends when the defendant becomes held pursuant to legal process and that service of an arrest warrant while in prison ends a false imprisonment because the imprisonment is no longer false but rather is pursuant to an arrest warrant) (citing *Wallace v. Kato*, 549 U.S. 384, 127 S. Ct. 1091 (2007)), *clarified on reh'g*, 942 N.E.2d 167 (Ind. Ct. App. 2011), *trans. denied*.

[14] Stone's second amended complaint asserts that the Vermillion Circuit Court issued an arrest warrant on or about May 9, 2014. Because she did not file her complaint until October 2016, her claims of false arrest and false imprisonment are barred by the two-year statute of limitations. *See id.* at 31. To the extent the District Court considered the timeliness of Stone's state law claim of false arrest, we agree with its conclusion that Stone's "state law false arrest claim is time-barred by the statute of limitations."[2] Appellees' Appendix Volume II at 58. With respect to Stone's argument that the date on which the period in the statute of limitations begins should be extended, we disagree. *See Johnson*, 885 N.E.2d at 31 (rejecting the plaintiff's argument that the continuing wrong

---

[2] We do not address Defendants' argument regarding *res judicata*. We note that the District Court "**REMAND**[ED] Ms. Stone's state law claims of false arrest . . . ." Appellees' Appendix Volume II at 62.

doctrine applies and holding that the doctrine does not prevent the statute of limitations from beginning to run when the plaintiff learns of facts that should lead to the discovery of his cause of action, even if his relationship with the tortfeasor continues beyond that point).

[15]     In addition to the statute of limitations, we conclude that dismissal of the false arrest and false imprisonment claims was proper based upon the Indiana Tort Claims Act ("ITCA"). "This statute granted absolute immunity to governmental entities in a number of specific circumstances, and codified rules of liability for other areas of governmental activity." *F.D. v. Ind. Dep't of Child Servs.*, 1 N.E.3d 131, 136 (Ind. 2013) (quoting *Gary Cmty. Sch. Corp. v. Roach-Walker*, 917 N.E.2d 1224, 1227 (Ind. 2009)). "Whether immunity applies is a question of law for the court, and the party seeking immunity bears the burden of demonstrating that its conduct is within the protection afforded by the ITCA." *Id.*

[16]     Generally, ITCA bars claims against a political subdivision of the State unless a plaintiff has filed notice of the claim with the entity's governing body within 180 days after a loss occurs. Ind. Code § 34-13-3-8(a). A loss occurs for purposes of ITCA "'when the plaintiff knew or, in the exercise of ordinary diligence, could have discovered that an injury had been sustained as a result of the tortious act of another.'" *Reed v. City of Evansville*, 956 N.E.2d 684, 691 (Ind. Ct. App. 2011) (quoting *Wehling v. Citizens Nat'l Bank*, 586 N.E.2d 840, 843 (Ind. 1992)), *trans. denied*. Compliance with the notice provisions of ITCA is a procedural precedent the plaintiff must prove and the trial court must determine

prior to trial. *Brown v. Alexander*, 876 N.E.2d 376, 383 (Ind. Ct. App. 2007), *trans. denied*. A governmental defendant may raise the issue of a plaintiff's noncompliance with ITCA's notice provision in a responsive pleading listing it as an affirmative defense. *Id.* at 383-384. If the defendant raises such a defense, the plaintiff bears the burden of proving compliance. *Id.* at 384. A claimant's failure to provide the notices required by ITCA entitles the State or political subdivision to a dismissal. *See Ind. Dep't of Correction v. Hulen*, 582 N.E.2d 380 (Ind. 1991).

[17]     In *Fox*, we held that when a plaintiff makes a claim of false imprisonment against the government, the false imprisonment ends when the person being detained is served with legal process, such as an arrest warrant. 936 N.E.2d at 322. We held that the plaintiff's ITCA notice filed more than 180 days after the false imprisonment ended via service of an arrest warrant while imprisoned was untimely, and we refused to apply the "continuing wrong" doctrine to extend the notice time period to include the entire time that the plaintiff was incarcerated. *Id.* On rehearing, however, we clarified that although the service of such process may have ended the plaintiff's false imprisonment, it did not necessarily extinguish all wrongful conduct such that the plaintiff had no legal redress. 942 N.E.2d at 168. In particular, we noted the availability of a malicious prosecution action, even after a false imprisonment has ended. *Id.*

[18]     Stone's second amended complaint asserts that the Vermillion Circuit Court issued an arrest warrant on or about May 9, 2014. Thus, a notice of tort claim would have had to have been filed within 180 days of May 9, 2014, or by

November 5, 2014. Even assuming that Stone's notice of tort claim was filed on May 20, 2016, as asserted by Stone in her third amended complaint, instead of May 23, 2016, as asserted by Defendants in their December 2016 motion to dismiss, or May 25, 2016, the date listed on the notice, we conclude that Stone's ITCA notice was untimely.

B. *Malicious Prosecution*

As for Stone's claim of malicious prosecution against Wright and the City, Ind. Code § 34-13-3-3 provides in part: "A governmental entity or an employee acting within the scope of the employee's employment is not liable if a loss results from . . . (6) The initiation of a judicial or an administrative proceeding." The Indiana Supreme Court has held that "the fact of criminal conduct standing alone is not dispositive of whether the employee was acting outside the scope of employment." *Bushong v. Williamson*, 790 N.E.2d 467, 473 (Ind. 2003). Rather, "conduct . . . of the same general nature as that authorized, or incidental to the conduct authorized," is within the employee's scope of employment. *Id.* (quoting *Celebration Fireworks, Inc. v. Smith*, 727 N.E.2d 450, 453 (Ind. 2000) (quoting Restatement (Second) of Agency § 229 (1958))). An act is incidental to authorized conduct when it is subordinate to or pertinent to an act which the servant is employed to perform or when it is done to an appreciable extent, to further his employer's business. *Id.*

Stone "recognizes that under prevailing Indiana law, as developed in *Livingston v. Indianapolis*, . . . the Town of Clinton[] and the Deputy Chief are immune

from malicious prosecution personal liability." Appellant's Brief at 13. Moreover, Stone failed to allege that Wright committed the alleged acts outside the scope of his employment as a deputy chief. Based upon the allegations in Stone's second amended complaint, we conclude that Wright acted within the scope of his employment at the time he committed the alleged acts and that the trial court did not err in dismissing the claim of malicious prosecution. *See City of Anderson v. Weatherford*, 714 N.E.2d 181, 185-186 (Ind. Ct. App. 1999) (observing that, while the defendants blatantly disregarded the chief's instructions and standard departmental procedure, the officers' conduct of arresting the plaintiff pursuant to a valid arrest warrant did not serve to remove them from the cover of ITCA, and that such action was done in furtherance of their employer's business of executing a duly issued warrant, and concluding that the officers' arrest of the plaintiff was not so incompatible with the performance of their employment as to be deemed outside the scope of their employment, and reversing the trial court's denial of the defendants' motion to dismiss), *trans. denied*; *see also Serino v. Hensley*, 735 F.3d 588, 595 (7th Cir. 2013) (holding that ITCA shields government employees and entities from claims of malicious prosecution (citing Ind. Code § 34-13-3-3(6) and *Butt v. McEvoy*, 669 N.E.2d 1015, 1017-18 (Ind. Ct. App. 1996) (applying § 34-13-3-3(6)'s predecessor provision to bar a malicious prosecution suit against a police officer)); *cf. Waldrip v. Waldrip*, 976 N.E.2d 102, 115 (Ind. Ct. App. 2012) (addressing the plaintiff's allegation that his then-wife who was employed as a court reporter falsely stated to the police that he had battered her and improperly obtained a protective order and holding that "with respect to the

claims of malicious prosecution and intentional infliction of emotional distress, we believe [the plaintiff] sufficiently alleged in his complaint that [the defendant] made false accusations against him outside the scope of her employment and purely in her role as a private citizen"). To the extent Stone's complaint mentioned Vermillion County Deputy Prosecutor Carter, we note that she did not allege how he acted outside the scope of his employment and did not list him as a defendant.

## II.

[20] The next issue is whether the trial court abused its discretion in denying Stone's motion for leave to file a third amended complaint. Stone argues that the denial of her proposed third amended complaint was inconsistent with Ind. Trial Rule 15(B) and (C). Defendants contend that the trial court properly denied Stone's motion to file a third amended complaint because she exhibited significant undue delay in attempting to assert a new claim for intentional infliction of emotional distress, the City would have been prejudiced if the third amended complaint would have been allowed, the City is immune from such a claim, and, even if the relation back doctrine applied, the statute of limitations had expired on the claim prior to the filing of the original complaint.

[21] Ind. Trial Rule 15 governs the amendment of pleadings and provides in part:

> (A) Amendments. A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted, and the action has not been placed upon the trial

calendar, he may so amend it at any time within thirty [30] days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within twenty [20] days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

(B) Amendments to Conform to the Evidence. When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment, but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence.

(C) Relation Back of Amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within one hundred and twenty (120) days of commencement of the action, the party to be brought in by amendment:

> (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits; and
>
> (2) knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against him.
>
> The requirement of subsections (1) and (2) hereof with respect to a governmental organization to be brought into the action as defendant is satisfied:
>
> > (1) In the case of a state or governmental organization by delivery or mailing of process to the attorney general or to a governmental executive [Rule 4.6(A)(3)]; or
> >
> > (2) In the case of a local governmental organization, by delivery or mailing of process to its attorney as provided by statute, to a governmental executive thereof [Rule 4.6(A)(4)], or to the officer holding the office if suit is against the officer or an office.

"The rule therefore liberally allows amendments of pleadings but also seeks to ensure that defendants 'receive notice of claims within a reasonable time, and thus are not impaired in their defense by evidence that is lost or diminished in its clarity because of the undue passage of time.'" *Porter Cty. Sheriff Dep't v. Guzorek*, 857 N.E.2d 363, 368 (Ind. 2006) (quoting *Olech v. Vill. of Willowbrook*, 138 F. Supp. 2d 1036, 1041 (N.D. Ill. 2000)), *reh'g denied*. The trial court retains broad discretion in granting or denying amendments to pleadings, and we will reverse only upon a showing of abuse of that discretion. *MAPCO Coal, Inc. v. Godwin*, 786 N.E.2d 769, 777 (Ind. Ct. App. 2003). In determining whether an abuse has occurred, we look to a number of factors, which include undue delay,

bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiency by amendment previously allowed, undue prejudice to the opposing party by virtue of the amendment, and futility of the amendment. *Id.*

[22] Ind. Code § 34-13-3-3(8) provides: "A governmental entity or an employee acting within the scope of the employee's employment is not liable if a loss results from . . . [t]he adoption and enforcement of or failure to adopt or enforce: (A) a law (including rules and regulations); or (B) in the case of a public school or charter school, a policy; unless the act of enforcement constitutes false arrest or false imprisonment."

[23] The record reveals that Stone filed her August 27, 2018 motion for leave to file a third amended complaint more than one year and ten months after her initial complaint, after the District Court dismissed her § 1983 claims, and after the Vermillion Circuit Court dismissed her claims on June 11, 2018. Further, Stone failed to assert that Wright's alleged acts fell outside the scope of his employment as a deputy chief. We cannot say that the trial court abused its discretion in denying Stone's motion for leave to file a third amended complaint. *See Hilliard v. Jacobs*, 927 N.E.2d 393, 399 (Ind. Ct. App. 2010) (affirming the trial court's denial of plaintiff's motion to amend complaint where new claims could have been raised in original complaint and motion was filed after trial court issued summary judgment order), *trans. denied*; *see also Serino*, 735 F.3d at 595 (observing that the plaintiff would have to show that the police chief, by extreme or outrageous conduct, intentionally or recklessly caused him severe emotional distress, holding that ITCA shields a government

employee from liability if the employee is acting within the scope of his employment and such liability "results from . . . [t]he adoption and enforcement of or failure to adopt or enforce . . . a law . . . unless the act of enforcement constitutes false arrest or false imprisonment[,]" and affirming the district court's dismissal of the plaintiff's state law claim of intentional infliction of emotional distress) (quoting Ind. Code § 34-13-3-3(8)).

[24] For the foregoing reasons, we affirm the judgment of the trial court.

[25] Affirmed.

Altice, J., and Tavitas, J., concur.